**C. K. GRAVIS, Jr., et al., Appellants,**

v.

**COUNTY OF DUVAL et al., Appellees.**

No. 13631.

Court of Civil Appeals of Texas.

San Antonio.

July 13, 1960.

Rehearing Denied Aug. 2, 1960.

Sidney P. Chandler, Corpus Christi, for appellants.

Lloyd, Lloyd & Dean, Parker Ellzey, Alice, Walter Purcell, San Diego, for appellees.

MURRAY, Chief Justice.

This suit was instituted by C. K. Gravis, Jr., Baltazar Garcia, Thomas Hinojosa and P. T. Wright, Jr., as taxpayers in Duval County, Texas, against Duval County, a majority of the Commissioners' Court of Duval County, viz., Archer Parr, Esq., County Judge, T. H. Molina, Commissioner of Precinct No. 1, Juan Leal, Jr., Commissioner of Precinct No. 2, and Juanita S. Valerio, Commissioner of Precinct No. 4, and Donato Serna, County Auditor, seeking a temporary injunction, and on final hearing a permanent injunction against defendants, preventing the operation of the budget for Duval County for the year 1960 and the spending of any money of the county under said budget until a full trial of the cause be had, or until further orders of the court.

After notice and a rather full hearing of the matter, the trial court refused to issue the injunction, and the plaintiffs have prosecuted this appeal.

Appellants allege in their petition, among other things, (1) that the Commissioners' Court did not provide for notice and hearing on the proposed budget for 1960, as is required by Art. 689a–11, Vernon's Tex. Civ.Stats.; (2) that there was no hearing on said budget as is required by Art. 689a–11, supra, and on December 22, 1959, it was arbitrarily adopted without a hearing; (3) that the County Judge did not file the proposed budget of Duval County for the year 1960 prior to the date and time it was considered by the Commissioners' Court on December 22, 1959, and it was not available for inspection by taxpayers, as is contemplated by Art. 689a–10, Vernon's Tex.Civ. Stats.

The evidence shows that for some time prior to December 11, 1959, the County Judge, assisted by the County Auditor, had worked upon the budget in question, and on that date the County Judge, as budget officer of the County, filed a proposed budget with the County Clerk of Duval County, as is required by Art. 689a–10, supra. This proposed budget should have been filed sooner, but there is no deadline prescribed by the statute for such filing. Upon the same date the Commissioners' Court ordered public notice given, that on December 17, 1959, a hearing would be had upon the proposed budget. In publishing this notice the budget was erroneously referred to as the budget for the year 1959. This hearing was largely attended by interested people of Duval County. The budget as proposed provided for the levying of certain occupational taxes. The present attorney for appellants was present on December 17, 1959, and suggested that the levy of these proposed occupational taxes was illegal, and the Commissioners' Court agreed and decided not to levy the occupational taxes. The hearing was adjourned to meet again on December 22, 1959, at which time an amended budget was presented from which the occupational taxes had been deleted. At this meeting a motion was made and adopted by the Commissioners' Court approving the budget. This meeting was also well attended and no

one present asked for further time to study, examine or discuss the budget. Based upon these facts, appellants contend that the budget was not filed, notice was not given, and a hearing was not had, as is required by the Texas County Budget Law, Art. 689a–10 and 11, supra.

■ The notice given was a substantial compliance with the provisions of Art. 689a–11, supra, even though such notice described the budget as being for the year 1959, rather than 1960. This was shown to be a typographical error and no one seems to have been deceived thereby. The budget was filed with the County Clerk on December 11, 1959, preceding the first hearing on December 17. This also is a substantial compliance with the provisions of Art. 689a–10, supra.

■ When the court decided to delete the provisions for occupational taxes it took time to do so, and a number of the pages had to be rewritten. This would be true to some extent where, upon a hearing, it is decided to make any changes. The law does not contemplate that the budget must be adopted in exactly the same language as it was when originally filed. If this were true then there would be little use in having a hearing.

■ Appellants further contend that there was no hearing because no one explained the budget item by item and justified each expenditure. The law does not lay down any procedure for the hearing upon the budget and therefore it can be conducted in any reasonable manner that the Commissioners' Court may see fit to conduct it. There is no evidence that anyone who wished to discuss the budget was not given an opportunity to do so, or that anyone asked that action on the budget be further delayed.

Appellants further contend that the budget was not prepared in keeping with the provisions of Art. 689a–9, supra, in that it was not "carefully itemized so as to make as clear a comparison as practicable be-

tween expenditures included in the proposed budget and actual expenditures for the same or similar purposes for the preceding year," and does not show "as definitely as possible each of the various projects for which appropriations are set up in the budget, and the estimated amount of money carried in the budget for each of such projects." We have examined the entire budget and find that in at least most instances the above requirements of the statute have been complied with.

Appellants further contend that the proposed budget represents a 43% increase over the budget for 1959. There is nothing in the statute that requires that the budget be not increased over that of the prior year. How much it is to be increased is a matter addressed to the discretion of the Commissioners' Court, so long as it is within the expected revenue.

Appellants' remaining points go largely to specific items contained in the budget, which if well taken would not justify the court in granting the drastic and far-reaching injunction prayed for herein.

The trial court was required to weigh the equities and the consequences of granting or not granting the temporary injunction as prayed for. If the trial court had granted the injunction it would have paralyzed the county government at all levels. If the county could not spend any money or issue any warrants, checks, or vouchers, and if the entire budget was inoperative, then the county could neither buy, nor contract to buy any goods or services. The logical result would be that the county could not perform any of the services ordinarily required of it, and all levels of county functions would cease, from feeding prisoners to law enforcement, from maintaining public records to maintaining county roads, and all the many other duties now required of county governments. Under the record in this case, we are unable to say that the trial court abused its discretion in refusing to issue the temporary injunction prayed for by appellants. We have found no case where a county government was enjoined from functioning for a period of one year and we doubt if such an injunction should ever be issued.

In their brief, appellants contend that the trial court should have, at least in part, granted the injunction as to certain parts of the budget. Appellants' petition contains no prayer for alternative relief and there is nothing in the record to show that the trial court was asked to do anything but grant the injunction as prayed for. 24-A, Tex.Jur. 291, § 185. We should not here find that the trial court abused its discretion in failing to do something that the record does not show it was asked to do.

The judgment is affirmed.