**Bill D. JACKSON, Appellant,**

v.

**M. E. LEONARD, Sr., Justice of the Peace, Precinct 3, Appellee.**

**No. B1975.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 14, 1979.

Rehearing Denied April 4, 1979.

---

**2.** The question whether appellee has abandoned the equipment is not before this court.

James R. Ansell, Harvey Bazaman, Galveston, for appellant.

M. Bruce Fort, Simpson & Burwell, Texas City, for appellee.

CIRE, Justice.

This is an appeal from the issuance of a preemptory writ of mandamus. Appellant Bill D. Jackson, in his capacity as county auditor of Galveston County, was directed by the writ to comply with the instructions of the Galveston County Salary Grievance Committee by increasing the salary of M. E. Leonard, Jr., Justice of the Peace of Precinct 3 of Galveston County, by an amount equal to $150.00 a month for the remaining budget year of 1976. Appellant refused to do so on the ground that the increase was not a "salary" increase but a subsidy for rental of office and courtroom facilities which the county is prohibited from providing by Tex.Rev.Civ.Stat.Ann. art. 3899b § 1a (Supp.1978). We affirm the action of the trial court.

The legislation controlling this issue is Tex.Rev.Civ.Stat.Ann. art. 3912k (Supp. 1978). Section 1 provides:

### Salaries, Etc., to be Set by Commissioners Court

Except as otherwise provided by this Act and subject to the limitations of this Act, the commissioners court of each county shall fix the amount of compensation, office expense, travel expense, and all other allowances for county and precinct officials and employees who are paid wholly from county funds . . . . .

Section 2(b) sets up a grievance committee composed of nine voting members and a nonvoting chairman. Section 2(d) then provides as follows:

(d) Any elected county or precinct officer who is aggrieved by the setting of his salary, expenses, or other allowance by the commissioners court may request a hearing before the committee. . . . If, after a hearing, the committee by a vote of six of its voting members decides to recommend a change in the salary, expenses, or other allowance of the person requesting the hearing, it shall prepare its recommendation in writing and deliver it to the commissioners court, which shall consider the recommendation at its next meeting. A written recommendation *signed by all nine members* and delivered to the commissioners court *becomes effective without the action of*

*the commissioners court* on the first day of the month following its delivery to the commissioners court (emphasis added).

Appellant contends first that the evidence that the salary grievance committee voted to increase appellee's "salary" by $150.00 was legally and factually insufficient to support such a finding by the trial judge. Appellant urges that appellee's grievance was based on an inequity between the salaries of those justices of the peace whose office space is provided by the county and those who must supply their own. He contends that the additional $150.00 a month granted by the committee was not a "salary" increase but was in lieu of office space and therefore improper.

■ By raising this point appellant is attempting to go behind the action of the salary grievance committee and attack it as illegal. We hold that in the case of a unanimous recommendation by the grievance committee the language of article 3912k § 2(d) prohibits such action on the part of the auditor.

By its terms article 3912k removes the auditor from the process of effecting a salary adjustment made pursuant to a grievance. In the usual case the auditor approves the claims submitted to him and then sends the claims to the commissioners court for its approval. Once the court approves the claims, it becomes a ministerial act for the auditor to comply with them.

■ Article 3912k § 2(d) provides that unanimous action by the salary grievance committee "becomes effective without the action of the commissioners court" after delivery of the written recommendation. Accordingly, in such a case, the commissioners court must in effect approve the action without the approval by the auditor being necessary.

It follows therefore that the auditor is not empowered to go behind the action of the salary grievance committee and question the mental processes behind such action or the motives thereof.

There is an additional reason for our holding that the auditor is not a participant in this process. Tex.Rev.Civ.Stat.Ann. art. 1660 states in part:

All claims, bills and accounts against the county must be filed in ample time for the auditor to examine and approve same before the meetings of the commissioners court. No claim, bill or account shall be allowed or paid until it has been examined and approved by the county auditor. . . .

The companion cases of *Nacogdoches County v. Jinkins,* 140 S.W.2d 901 (Tex.Civ. App.—Beaumont 1940, writ ref'd) and *Nacogdoches County v. Winder,* 140 S.W.2d 972 (Tex.Civ.App.—Beaumont 1940, writ ref'd) considered this article in relation to suits by the district and county clerks to recover the balance of salaries due them. The court there stated that article 1660 must be considered in connection with article 1661, passed as part of the same act.[1] Tex.Rev. Civ.Stat.Ann. article 1661 § 1 (Supp.1978) provides:

Art. 1661. Requisites of approval

He shall not audit or approve any such claim unless it has been contracted as provided by law, nor any account for the purchase of supplies or materials for the use of said county or any of its officers, unless, in addition to other requirements of law, there is attached thereto a requisition signed by the officer ordering same and approved by the county judge. . .

The court there held:

A literal application of Article 1660 without reference to Article 1661 would require the filing with the auditor of claims of every nature, but under Article 1661 it is readily seen that the auditor has no authority to audit or approve a claim of the nature here involved. It is evident that the claims which he is authorized to audit and approve under Article 1661 are

1. Article 1661 was amended in 1973, but the provisions pertinent here remain unchanged. Tex.Rev.Civ.Stat.Ann. art. 1661 (Supp.1978).

claims based upon contracts lawfully made, and accounts for supplies and material supplied and contracted for as required by law, to which are attached the proper requisitions. There are no provisions in the law which indicate that the county auditor is vested with any authority to pass upon the merits of claims such as here. Appellee's claim being one which under no circumstance could be approved by the county auditor, Article 1660 has no application to it.

140 S.W.2d at 904.

It is therefore unnecessary for us to consider appellant's claim that the evidence did not support the finding that the grievance committee granted a salary increase. Points of error one, two, and three are overruled.

■ Appellant next alleges that the judge erred in finding that appellant refused to grant the salary increase because there was no evidence that appellant received the written recommendation of the committee prior to the institution of the suit.

Section 2(d) of article 3912k does not require formal notice to the auditor. Instead it states that action by the grievance committee becomes effective on the first day of the month following delivery of the written recommendation to the commissioners court. There was evidence that such a delivery was made. Appellant testified that appellee presented a demand for $150.00 a month over and above his previous salary every month from February of 1976 and that he refused to comply with the demand. Accordingly there was sufficient evidence for the trial judge to find that appellant refused to pay the increase in salary.

■ Appellant further argues that mandamus is not the proper remedy because his action in allowing or disallowing a claim against the county is a discretionary act, relying on the case of *Smith v. McCoy,* 533 S.W.2d 457 (Tex.Civ.App.—Dallas 1976, writ dism'd). In connection with this appellant contends that before mandamus will lie, appellee must establish the validity of his claim and his legal right thereto.

As stated previously, article 3912k § 2(d) eliminates the requirement of the auditor's approval prior to a recommendation's being sent to the commissioners court. In the case of a unanimous recommendation, the commissioners court *must* approve the grievance committee's action. The duty of the auditor is then *ministerial* in complying with the recommendation. Accordingly the auditor's action in allowing the claim is not discretionary, and mandamus is the proper remedy.

Further, in the *Smith* case the auditor was faced with a "difficult legal question" in determining whether sheriff's deputies were entitled to pay during time suspended. He relied on an attorney general's opinion in refusing to authorize payment. This is not the case here. Appellee is given a legal right to his claim, and its validity is established, by section 2(d) of article 3912k. There is therefore no question concerning the merit of appellee's claim. The court in *Smith* stated that "when there is no legal justification for the auditor withholding approval of the claim or payment thereof, mandamus will lie. This is true because the refusal of the auditor . . . would be an abuse of his discretion." 533 S.W.2d at 460. Point of error seven is overruled.

■ Appellant raises some points of error concerning the constitutionality of article 3912k § 2d in relation to article 3 § 44 and article 16 § 61 of the Constitution of the State of Texas. These issues were not raised in the trial court, and in order to challenge the constitutionality of a statute on appeal, it is necessary that such issue have been raised in the court below. *Fulcher v. Texas State Board of Public Accountancy,* 571 S.W.2d 366 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.); *Trice Production Co. v. Dutton Drilling Co.,* 333 S.W.2d 607 (Tex.Civ.App.—Houston 1960, writ ref'd n. r. e.).

■ In his single cross-point, appellee argues that it was error for the trial judge to order appellant to comply with the instructions of the salary grievance committee

only for the remaining eleven months of the budget year.

Section 2(a) of article 3912k provides as follows:

The salaries, expenses, and other allowances of elected county and precinct officers *shall be set each year* during the regular budget hearing and adoption proceedings on giving notice as provided by this Act (emphasis added).

Appellant argues that this section limits relief supplied under section 2(d) to the time remaining in the budget year, or until salaries are "set" for the succeeding year. We agree.

Section 2(d) provides a remedy for county officers who are aggrieved by the *setting* of their salaries. Each salary is set at the beginning of the budget year and will be set again the following year. The grievance committee's action can have no effect on a salary as set by the commissioners court for any longer period than that for which the salary was originally set. Appellee was aggrieved by his salary for the budget year 1976. It was this salary alone which was before the committee, since appellee's salary for 1977 was not yet set, and he could not have been aggrieved thereby. The trial judge was therefore correct in holding that the salary increase of $150.00 a month extended only through the end of 1976.

Affirmed.