**Millard K. NEPTUNE, Appellant,**

v.

**Honorable Mike RENFRO, Travis County Judge, et al., Appellees.**

No. 12929.

Court of Civil Appeals of Texas, Austin.

Aug. 1, 1979.

James H. Keahey, Austin, for appellant.

James L. McMurtry, Travis County Atty., John D. Ewald, Asst. County Atty., Austin, for appellees.

O'QUINN, Justice.

Millard K. Neptune, as a resident and taxpayer of Travis County, brought this lawsuit against the county judge and members of the Commissioners Court, the county treasurer, and the county auditor, seeking a permanent injunction to prevent the officials from putting into effect salary raises for the judge and the commissioners, as well as eighteen other elective county officials, approved by the Commissioners Court on July 31, 1978.

After hearing in district court without aid of a jury, the trial court entered judgment that Plaintiff Neptune take nothing by this lawsuit. The trial court filed findings of fact and conclusions of law. Neptune has appealed and brings three points of error. We will overrule the points of error and affirm judgment of the trial court.

Decision on appeal turns on construction and application of Article 3912k, V.A.T.S. (Acts 1971, 62nd Leg., p. 2019, ch. 622), which became effective January 1, 1972.

By this Act the Legislature created a county salary grievance committee, of which body an "elected county or precinct officer who is aggrieved by the setting of his salary, expenses, or other allowance *by the commissioners court* may request a hearing before the committee." (Emphasis added). Art. 3912k section 2(d). If the grievance committee, after a hearing, recommends a change in salary, expenses, or other allowances by vote of six members of the voting membership of nine, the Commissioners Court "shall consider the recommendation at its next meeting." If the recommendation is "signed by all nine members and delivered to the commissioners court," the recommendation becomes effective without action by the Commissioners Court.

Appellant contends that the trial court erred (1) in construing Article 3912k as not requiring ten days' published notice of the pay raises attacked, (2) in construing the statute to allow members of the commissioners court, after budgeting their salaries at a fixed amount, to be aggrieved by their own action, and (3) in holding valid the order of the Commissioners Court instituting the pay raises attacked.

It is undisputed that the grievance committee of Travis County met on July 25, 1978, and voted salary increases for all elected officers who had submitted a request, with each elected official receiving at least six votes to grant the increase requested. The recommendations of the grievance committee resulting from the meeting of July 25 were delivered to the Commissioners Court as required under Article 3912k, section 2(d). Thereafter on July 31, at its first regular meeting next following receipt of the committee's recommendations, the Commissioners Court voted unanimously in open meeting to accept the recommendations of the grievance committee and to amend the county budget to conform to the recommendations.

Appellant contends that the Commissioners Court was without authority to adopt the recommended increases in salaries ". . . except at regular meeting . . . and after 10 days' notice published in a paper of general circulation in the county of the intended salaries, expenses, and allowances to be raised and the amount of the proposed raises," as prescribed by section 6 of Article 3912k. The parties are in agreement that such notice by publication was not given, and that the Commissioners Court acted at its next regular meeting but within less than ten days after receiving recommendations of the grievance committee.

Appellees contend that the Commissioners Court was required by provisions of section 2(d) of Article 3912k, after receiving the written recommendations of the grievance committee, to ". . . consider the recommendation at its next meeting." The position of appellees is that the statute required the Commissioners Court to "consider *and act* on the recommended salary increases at its next meeting." (Emphasis added).

The statute does not require action at the next meeting, but only that the recommen-

dations be considered. The English verb "consider" stems directly from the Latin verb *considerare*, meaning "to look at closely, attentively, carefully, to inspect . . to consider maturely, to reflect, contemplate, meditate." *Latin Dictionary*, Oxford University Press, 1975. Webster tracks the Latin to define "consider" as: "To fix the mind on; hence, to think on with care; to ponder; to study; to meditate on; also, to bear in mind . . . To give thought to with a view to . . . accepting or adopting." *Webster's New International Dictionary*, 2nd ed., unabridged.

It is inescapable that the phrase "consider the recommendation at its next meeting" does not, standing alone, include acting on, adopting, or concurring in the recommendations at the next meeting; and adoption is not required then, unless at the same meeting the Commissioners Court voluntarily decides to take final action. In the present case the Travis County Commissioners Court did take such final action, on July 31, 1978.

The trial court concluded that "It was impossible for the Commissioners Court to comply with the requirement of Sec. 6, art. 3912k . . . that 10 days' published notice be given of the intended salary increases, and the requirements of Sec. 2(d) that the Commissioners Court consider *and act* on the recommended salary increases at its next meeting after receiving the recommendations of the Salary Grievance Committee." (Emphasis added).

We agree that it was impossible to give 10 days' published notice between July 25, when the recommendations were adopted by the grievance committee, and the next regular meeting of the Commissioners Court on July 31. We do not agree that the statute required the Commissioners Court to consider *and act* at the next meeting. We are of the view that the statute requires only that a Commissioners Court take up and consider the recommendations at its earliest meeting, at which meeting the Commissioners Court may properly determine a future date for final action, allowing time for the published 10 days' no-

tice to be given in compliance with section 6 of Article 3912k. It is proper and advisable that all Commissioners Courts follow the procedure thus described.

■ The Commissioners Court approved the 1978 budget for Travis County late in January of 1978, in which reserve funds were provided for salary increases for elected officials, and early in June, after further study of comparative salaries in other Texas counties, the Commissioners Court passed an order to utilize the reserve fund for increase of salaries for elected officials. On advice of the county attorney, the Commissioners Court rescinded that order on June 12, 1978, and initiated the process provided under Article 3912k for requested increases to be filed with the county salary grievance committee.

By June 16 the requests involved in this case had been filed with the salary grievance committee, and, as earlier observed, the grievance committee adopted its recommendations on July 25, 1978.

The trial court found that appellant, as plaintiff below, ". . . did not change his position in any respect because of the delay in submission of the salary requests to the Salary Grievance Committee, or because of delay in action by the Committee or the Commissioners Court, nor was he injured by such delay." Appellant's complaint thus becomes in the main an objection to failure by the Commissioners Court to give additional notice 10 days in advance of approving finally recommendations of the grievance committee. There is no evidence that any taxpayer who wished to discuss the budget was not given an opportunity to be heard, nor that any taxpayer requested that action on the budget be further delayed.

Article 3912k obviously was intended by the Legislature to provide a specific method by which salaries of elected county and precinct officials may be adjusted, when circumstances justify adjustment, and that such changes would become amendment of the county budget. One of the purposes of the county budget statutes was effectively to ". . . discourage and prevent deficit spending by counties . . ." *Guerra v.*

*McClellan,* 250 S.W.2d 241, 245 (Tex.Civ. App. San Antonio 1952), approved 258 S.W.2d 72, 75 (Tex.Sup.1953). In this lawsuit no evidence was offered that the salary increases finally approved by the Commissioners Court would constitute deficit spending, and in fact the contrary was evident from the reserve established by the Commissioners Court when the annual budget was adopted in January, 1978. How much the budget is to be increased ultimately is within the discretion of the Commissioners Court, provided the increase does not cause the budget to exceed expected revenues. *Gravis v. County of Duval,* 337 S.W.2d 306, 309 (Tex.Civ.App. San Antonio 1960, no writ). No contention is made, and no evidence was offered to show, that the salary increases would raise the budget above expected revenues.

The record discloses that the Commissioners Court, in considering *and acting on* the recommendations of the grievance committee at its first meeting after the recommendations were delivered, pursued its course in the mistaken belief that section 2(d) of Article 3912k required *final action,* not merely "to study" the recommendations "with a view to . . . accepting or adopting" the recommendations later following 10 days' notice required by section 6 of Article 3912k. The record contains no suggestion that members of the Commissioners Court acted other than openly, fairly, and in good faith by taking final action at the meeting on July 31, 1978. We conclude that the trial court correctly affirmed the Commissioners Court in its action taken July 31.

Appellant complains further that members of the Commissioners Court, having budgeted their salaries at a fixed amount in January, were disqualified "to be aggrieved by their own action" in June for consideration by the grievance committee in July. The statute makes no distinction between members of a Commissioners Court and any other elected county or precinct officer. Section 2(d) of Article 3912k simply provides that, "Any elected county or precinct officer who is aggrieved by the setting of his salary . . . by the Com-

missioners Court may request a hearing before the [county grievance] committee."

The trial court concluded that "The legislative history of article 3912k . . . reflects that the Legislature did not intend that the provisions of Section 6 should apply to and qualify the provisions of Section 2(d)." There is reasonable support for such conclusion, as shown by the legislative journals reviewed at the trial, although we believe the two sections may be construed so as not to be in conflict. Under the facts of this case, we conclude that final action of the Commissioners Court on July 31, without the notice specified by Section 6, was not a nullity in the absence of some showing that such action was arbitrarily taken over timely objection, or was harmful to appellant or other taxpayers, or would have resulted in a budget exceeding expected revenues.

The judgment of the trial court is affirmed.