

# The Attorney General of Texas

May 14, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James Warren Smith, Jr.
County Attorney
Frio County
P. O. Box V
Pearsall, Texas    78061

Opinion No. MW--469

Re: Authority of county to reimburse county sheriff with public monies for personal loans incurred in conducting county-wide drug investigations

Dear Mr. Smith:

As we understand the facts relating to your request for an opinion, the sheriff of Frio County, with the approval of the Frio County Commissioners Court, hired an undercover agent to investigate the traffic of drugs in the county. However, the county budget at the time contained no funds to finance the operation insofar as the purchase of drugs, and other expenditures, might be necessary to successfully complete the undercover work. In order to allow the investigation to go forward, the sheriff personally provided almost $16,000 to finance it, $14,000 of which was loaned to the sheriff expressly for that purpose by a local bank.

The operation ended successfully with a number of grand jury indictments. You ask if the sheriff may be reimbursed by the county for the money he personally expended on the project. If so, you ask if the county auditor may approve payment of the claim notwithstanding the absence of competitive bids as required by article 2368a, V.T.C.S.

It is the duty of the sheriff to be a conservator of the peace in his county, and to apprehend all offenders. Penal Code §2.17. The deployment of law enforcement officers within the county is a matter left to his discretion. Weber v. City of Sache, 591 S.W.2d 559 (Tex. Civ. App. - Dallas 1979, no writ). Article 3899, V.T.C.S., provides that each salaried sheriff "shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office." And article 3912k, V.T.C.S., authorizes the commissioners court of a county to "fix the amount of compensation, office expense, travel expense, and all other allowances" for the sheriff. The commissioners court of the county is therefore authorized to allow such expenses if they are reasonably

necessary for the proper performance of the sheriff's duties.  See Attorney General Opinion H-1250 (1978).

It has been suggested that the reimbursement of the sheriff in these circumstances would constitute a violation of article III, section 52 of the Texas Constitution, which prohibits the granting of public money or thing of value in aid of or to any individual. However, the reimbursement of a sheriff for personal funds used to meet reasonable expenses necessary in the proper and legal conduct of his office has never been considered illegal.  See Hardy v. Lubbock County, 89 S.W.2d 243 (Tex. Civ. App. - Austin 1935, no writ).  In Attorney General Opinion H-210 (1974), the director of the Texas Department of Public Safety asked about providing "flash rolls" to undercover agents for the purchase of evidence against narcotic traffickers.  There it was said, "The money is used to combat crime, a proper public purpose.... The cost of 'purchasing' evidence under the circumstances... is an expense of the agency and not the individual expense of the employee acting for it.  The Department should bear the financial burden and risk -- not the employee."  See also Attorney General Opinion H-1148 (1978) (county "flash money" fund).

If money was expended by the sheriff for a proper public purpose in the proper discharge of his duty, the use of public funds to reimburse him for the expenditures is not barred by article III, section 52 of the constitution.  Barrington v. Cokinos, 338 S.W.2d 133 (Tex. 1960).  Nor is it necessarily a bar that, at the time the sheriff spent the money, there was no county money budgeted for such expenditures.

The budgetary process of Frio County is governed by article 689a-11, V.T.C.S.  It specifies the time when the budget is to be adopted each year and provides:

> When the budget has been finally approved by the Commissioners Court,... no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget. (Emphasis added).

The commissioners court can ratify expenditures that it might have authorized originally.  State v. Carnes, 106 S.W.2d 397 (Tex. Civ. App. - San Antonio 1937, no writ).  See Gussett v. Nueces County, 235

S.W. 857 (Tex. Comm. App. 1921). If the commissioners court concludes that the sums spent by the sheriff were emergency expenditures made at a time of grave public necessity to meet unusual conditions which could not have been reasonably foreseen in time to include them in the original budget, it may, on its own motion, amend the budget to provide for their payment by the county.

The budgetary amendment process could also be set in motion by the sheriff himself if he requests a grievance committee hearing to revise the budgeted amount of expenses or allowances for his office. Section 2(d) of article 3912k, V.T.C.S., allows any elected county officer who is aggrieved by the setting of his expenses or other allowances by the commissioners court to request such a hearing. Assuming no deficit in county funds would result, a favorable committee determination could effect the necessary budgetary change. Neptune v. Renfro, 586 S.W.2d 596 (Tex. Civ. App. - Austin 1979, no writ); see also Jackson v. Leonard, 578 S.W.2d 879 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Article 2368a, V.T.C.S, about which you ask, restricts the power of the commissioners court to make contracts creating or imposing an obligation or liability of any nature or character on the county without first submitting the contract to competitive bids. Id. §2(a). The reimbursement of the sheriff for necessary expenses incurred does not involve a contractual obligation to the sheriff on the part of the county. It involves a statutory duty to which the competitive bidding statute is not applicable. The fact that part of the money used by the sheriff was obtained from a personal bank loan does not alter the situation. The repayment of the loan to the bank involves only a personal obligation of the sheriff to the bank, and it is irrelevant whether any money reimbursed to him is (or will be) actually used for that purpose by the sheriff. Whether he is entitled to be reimbursed for the personal funds he expended is not dependent upon where he obtained the funds, or what his personal obligations might be. See Attorney General Opinion V-1149 (1951).

Neither were the evidence "buys" true contractual transactions. They merely exposed the "flash" money used by the sheriff to a risk of loss -- much as sheriff's vehicles are exposed to possible damage or destruction when used in pursuit of law violators. The county never became contractually obligated for the purchase price of the contraband evidence, and was at all times legally entitled to recover any county money paid to the person from whom it was "purchased." See 14 Tex. Jur. III Contracts §176, at 287; 1 Tex. Jur. III Topic Service No. 18, §6. Cf. V.T.C.S. art. 4476-15, §§5.03(b), 5.07(a) (forfeitures); Penal Code §9.21(a) (public duty justification); City of Fort Worth v. Reynolds, 190 S.W. 501 (Tex. Civ. App. - Fort Worth 1916, writ ref'd w.o.m.) (illegal contract, constructive trust).

S U M M A R Y

The Frio County Commissioners Court is authorized to reimburse the sheriff for the personal funds he used to meet reasonable expenses of a narcotics investigation. The competitive bidding statute is inapplicable.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood