

# The Attorney General of Texas

July 28, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

..20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Britt Plunk
Hardin County Attorney
P. O. Box 516
Kountze, Texas    77625

Opinion No. JM-49

Re:    Whether district judge may raise salaries of county auditor's deputies at any time during the year and whether district judge may appoint court coordinator and set salary in absence of statutory authority

Dear Mr. Plunk:

You have asked whether the district judge of Hardin County may direct the commissioners court to raise the salaries paid to assistants in the county auditor's office at any time during the course of the county's budget year. [We presume that the county auditor has made proper application for any such raise.] V.T.C.S. art. 1650.

Article 1645, V.T.C.S., requires the appointment of a county auditor in Hardin County. The district judge or judges of the county determine the salary to be paid to the county auditor. This salary of the auditor may be increased during the course of the budget year. Attorney General Opinion H-1266 (1978). See Attorney General Opinion M-678 (1970). The authority to hire and compensate assistants and deputies in the county auditor's office is contained in article 1650, V.T.C.S. This statute provides that the auditor shall apply "at any time" to the district judge for the appointment of named assistants and the salaries requested to be paid to them. The district judge is required to consider the appointment request from the auditor and upon approving such appointments and salaries the judge is required to:

> prepare a list of the appointees so approved and the salaries to be paid each and certify said list to the Commissioners Court of said county. The Commissioners Court shall thereupon order the amount paid from the General Fund of said county upon the performance of the services; and said Court shall appropriate adequate funds for the purpose.

V.T.C.S. art. 1650.

Article 1650 does not require that these appointments be made only once during the year and the compensation fixed for the entire budget year but it does state that the district judge "shall annually have the right to withdraw such consent and change the number of assistants permitted." It is our opinion that the district judge may, during the course of the budget year, direct a change in the county budget which increases the salaries of the assistants in the county auditor's office. Such change may be made: (1) upon a proper application made by the auditor to the district court; (2) only if such action does not require county expenditures in excess of anticipated revenue of the county for that year; and (3) only if amendment of the county budget is made in compliance with law. Attorney General Opinion O-284 (1939). See Attorney General Opinions MW-169 (1980); H-1238 (1978); H-314 (1974); H-11 (1973); V.T.C.S. arts. 3912k, 689a-20; Southland Ice Company v. City of Temple, 100 F.2d 825 (5th Cir. 1939); Neptune v. Renfro, 586 S.W.2d 596 (Tex. Civ. App. – Austin 1979, no writ).

Your second question concerns the appointment of a court coordinator for the district court. You ask whether the district judge may appoint such a person and direct the commissioners court to pay a specified salary. We find no authority for the district judge to unilaterally create such position and compel the county commissioners court to pay the specified salary. Only those district courts in counties with a population of over 700,000 which hear primarily criminal matters are authorized to establish and maintain a court coordinator. V.T.C.S. art. 1918a. See Attorney General Opinion MW-315 (1981). The appointment and salary of such court coordinator is determined by the district judges. See also, V.T.C.S. arts. 1934b (court administrator for county courts at law); 1934c (court manager and coordinator in counties of 2,000,000 in population). With regard to support personnel of the court, the district court of Hardin County is entitled only to the services of the district clerk, article 199(88), section 10, and official shorthand reporter, id. section 12. We note that the commissioners court may in its discretion provide "adequate secretarial personnel" to a district officer. V.T.C.S. art. 39121. However, in the absence of any statutory authority the district judge may not unilaterally appoint and set the salary for a court coordinator.

## SUMMARY

A district judge is empowered to increase the salaries of assistants in the county auditor's office at any time during a budget year. A district judge may not appoint a court coordinator.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by David Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger