

# The Attorney General of Texas

March 5, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

ı∠∠0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Committee on Labor and Employment
 Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.   JM-133

Re:  Whether an individual may
serve simultaneously as county
auditor and city councilman of
a city located in that county

Dear Representative Criss:

You inform us that an individual was elected to the city council
of Galveston, Texas and subsequently was appointed to be county
auditor of Galveston County.  The materials included with your letter
to this office indicate that he receives a salary from the county for
his services as auditor but draws no salary from the city in his
official capacity.  Questions have arisen as to the propriety of this
person occupying both offices.  You ask whether this person is
prohibited by law from simultaneously holding both offices, and if so,
whether the city office is now vacant.  You also ask whether article
988b, V.T.C.S., or any other law prohibits this person from
participating in

> (1)  decisions involving a city-created tax
> reinvestment zone, or

> (2)  appointments to the city's park board of
> trustees, or any other matter involving the county
> and park board requiring city council action.

Upon examination of the relevant statutes, we conclude that the
common law doctrine of incompatibility prohibits one person from
simultaneously occupying the offices of city councilman and county
auditor of a county in which the city is located.

The doctrine of incompatibility prohibits one person from
occupying two offices when one office may "thereby impose its policies
on the other or subject it to control in some other way."  Attorney
General Opinion JM-129 (1984); see Thomas v. Abernathy County Line
Independent School District, 290 S.W. 152 (Tex. Comm. App. 1927);
State ex rel. Brennan v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San
Antonio 1932, no writ).  In this respect, we observe that city council
members may authorize agreements between the city and county to

provide for, inter alia, the following:  the creation of regional planning commissions which are authorized to contract with cities and counties for the performance of enumerated services, see V.T.C.S. art. 1011m, §4; the construction and payment of improvements necessary for the public health and to promote efficient sanitary regulations, see V.T.C.S. art. 1015, §3; the construction and supervision of joint recreational facilities and programs, see V.T.C.S. art. 1015c-1, §3.

The county auditor is appointed pursuant to article 1645, V.T.C.S., by the district judge(s) having jurisdiction in the county. This office has previously determined that a county auditor may not be simultaneously employed as a school teacher and a county probation officer.  Letter Advisory No. 65 (1973).  The county auditor is charged with the

> general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances.

V.T.C.S. art. 1651.  The auditor is additionally authorized to examine the accounts and orders of the commissioners court, all reports of collections of money for the county, and cash in the hands of the county treasurer.  V.T.C.S. arts. 1653-1655.  Although the auditor may not independently order the expenditure of county funds, the commissioners court may not expend funds without the approval of the county auditor.  Smith v. McCoy, 533 S.W.2d 457, 459 (Tex. Civ. App. - Dallas 1976, writ dism'd).  The auditor in such instances may withhold approval of payments, though the refusal to approve payments may be neither arbitrary nor in contravention of law.  Id. at 460.  See also Jackson v. Leonard, 578 S.W.2d 879 (Tex. Civ. App. - Houston [14th Dist.] 1979, writ ref'd n.r.e.).  Thus, there are many instances in which the duties of the auditor are likely to conflict with the performance of city council duties, particularly when the transfer of funds or property between the city and county is involved.  We conclude therefore that the positions of city councilman of Galveston and county auditor of Galveston County are incompatible as a matter of law.

The incompatibility of these two offices invites application of the common law doctrine of vacation:

> Persons who accept and qualify for offices that are incompatible with offices they already hold ipso facto relinquish their prior posts.

Attorney General Opinion MW-170 (1980). See Purcell v. Carrillo, 349 S.W.2d 263 (Tex. Civ. App. - San Antonio 1961, no writ); Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.); Attorney General Opinions MW-170 (1980); H-155, H-117 (1973). Accordingly, we conclude that the individual involved here vacated the office of city councilman when he accepted the position of county auditor.

## S U M M A R Y

The common law doctrine of incompatibility prohibits a Galveston city council member from simultaneously serving as Galveston county auditor.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood