Office of the Attorney General · State of Texas



July 18, 2000

The Honorable Bob Covington
Guadalupe County Attorney
101 East Court Street, Suite 104
Seguin, Texas 78155

Opinion No. JC-0255

Re: Validity of salary increases for elected county and precinct officers that exceed the amounts stated in the notice of proposed salary increases provided to the public under section 152.013(b) of the Local Government Code    (RQ-0187-JC)

Dear Mr. Covington:

You ask about the validity of salary increases for elected county and precinct officers that exceed the amounts stated in the public notice of proposed salary increases. Section 152.013(b) of the Local Government Code requires a commissioners court to publish notice of proposed salary increases for elected county and precinct officers, including the amount of the proposed increases, ten days before the meeting at which the increases are set. We conclude that the statute requires a commissioners court to provide notice of the maximum potential salary increases ten days before the regular budget hearing. While the test of sufficiency of notice is substantial compliance, which is usually a fact-based question upon which we would not opine, we note that the Texas Supreme Court has said in the Open Meetings context that "less than full disclosure is not substantial compliance." *Cox Enters., Inc. v. Board of Trustees of Austin Indep. Sch. Dist.*, 706 S.W.2d 956, 960 (Tex. 1986). Similarly, this office in Attorney General Opinion JM-27 wrote that "[a] misleading notice is no notice." Tex. Att'y Gen. Op. No. JM-27 (1983) at 2. In the case of this statute, because as we note further its clear purpose is to apprise the public of the amount by which elected officials propose to increase their salaries, a notice of a three percent raise does not fully disclose an intent to raise salaries by six times that amount. The very matter to be disclosed in notice pursuant to section 152.013(b) is the amount of the raise. Accordingly, an understatement of that amount as substantial as the one here is, in our view, not substantial compliance as a matter of law.

You provide the following background information: The Guadalupe County Commissioners Court published notice of proposed salary increases pursuant to section 152.013(b) of the Local Government Code on August 8, 1999. *See* Letter from Honorable Bob Covington, Guadalupe County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (Feb. 11, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. The notice stated that the commissioners court proposed to increase salaries by approximately three percent. *See id.* Several days later, as the result of public workshops, the commissioners court agreed to consider a general eight percent increase for most elected officers and a 19.6 percent increase for the commissioners. *See id.* A local newspaper published two front page articles "detailing the suggested adjustments to the proposed

increases on August 12th and August 15th." *Id.* The commissioners court published an amended section 152.013(b) notice on August 22 and held its public hearing on the budget, including the proposed increases, two days later, on August 24. *See id.* At that meeting, the commissioners court adopted salary increases ranging from 4.89 percent to 31.01 percent. *See id.* at 1-2  The commissioners' salaries were raised by 19.59 percent. *See id.* at 2.

You ask three questions about the salary increases: whether notice of the salary increases was sufficient to satisfy section 152.013(b) of the Local Government Code; whether a commissioners court may adopt salary increases in excess of the proposed increases published in the notice; and whether the salary increases adopted by the Guadalupe County Commissioners Court on August 24, 1999, are valid. *See id.* at 2.

Chapter 111 of the Local Government Code establishes general procedures and requirements a county must follow in adopting the county budget. In a county with a population of less than 125,000, such as Guadalupe County,[1] the commissioners court must give public notice of the date, time, and location of the hearing at which it will consider a proposed budget. *See* TEX. LOC. GOV'T CODE ANN. § 111.007 (Vernon 1999). In addition, section 111.0075 requires a commissioners court to publish notice of a public hearing relating to a budget not earlier that the 30th or later than the 10th day before the date of the hearing. *See id.* § 111.0075. Section 111.008 requires a commissioners court to take action on the proposed budget at the conclusion of the public hearing and specifically provides that the court "may make any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers." *Id.* § 111.008(b).

Under chapter 152 of the Local Government Code, the codification of former article 3912k of the Revised Civil Statutes, the commissioners court of each county is responsible for setting the salaries of elected county and precinct officers. *See id.* § 152.013(a) ("Each year the commissioners court shall set the salary, expenses, and other allowances of elected county or precinct officers."). It must do so at the regular hearing on the county budget for the upcoming fiscal year. *See id.* ("The commissioners court shall set the items at a regular meeting of the court during the regular budget hearing and adoption proceedings."). An elected officer who objects to his or her proposed salary may request a hearing before the salary grievance committee before the approval of the county's annual budget, as provided in sections 152.014 through 152.016 of the Local Government Code. *See id.* §§ 152.014-.016; *see also* Tex. Att'y Gen. Op. No. DM-405 (1997) (grievance committee process limited to period before approval of budget for new fiscal year). After elected officers' salaries have been set and the county budget has been approved, the salaries may not be changed

---

[1]Guadalupe County has a population of 64,873 according to the last census. *See* 1 BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 1990 CENSUS OF POPULATION, General Population Characteristics: Texas 2 (1992) (population: 64, 873). Therefore, it is not eligible to prepare its budget under subchapter B or C of chapter 111 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. ch. 111, subch. B (Vernon 1999 & Supp. 2000) (budget preparation in counties with a population of more than 225,000), subch. C (alternative method of budget preparation in counties with a population of more than 125,000).

until the next budget year. *See* Tex. Att'y Gen. Op. Nos. JM-839 (1988), JM-326 (1985), H-11 (1973), Tex. Att'y Gen. LO-95-18.

While elected county and precinct officers' salaries, including any salary increases, are considered and adopted with the rest of the county budget, section 152.013(b) of the Local Government Code, the provision at issue, establishes a special notice provision with respect to any proposed salary increases for elected county and precinct officers:

> Before the 10th day before the date of the meeting, the commissioners court must publish in a newspaper of general circulation in the county a notice of:
>
> (1) any salaries, expenses, or allowances that are proposed to be increased; and
>
> (2) the amount of the proposed increases.

TEX. LOC. GOV'T CODE ANN. § 152.013(b) (Vernon 1999). This special notice is required in addition to the more general county budget notice requirements set forth in chapter 111. *See id.* §§ 111.007, .0075.

You ask, in essence, whether a commissioners court may adopt salary increases in excess of the increases stated in the section 152.013(b) notice. The initial notice giving rise to your request informed the public of proposed salary increases of approximately three percent but the commissioners court ultimately adopted significantly higher increases. *See* Request Letter at 1-2. Indeed, the preponderance of the salary increases ranged from 18 percent to 23 percent, and some were even higher. *See id.* at 2.

Section 152.013(b)(2) provides a mechanism for the public to scrutinize proposed salary increases for elected county and precinct officers, including proposed increases for the commissioners, who are in the awkward position of setting their own salaries. The statute specifically provides that the public be given notice of "the amount of the proposed increases." TEX. LOC. GOV'T CODE ANN. § 152.013(b)(2) (Vernon 1999). Clearly, the purpose of this requirement is to notify the public of the potential amount of salary increases rather than just the mere fact that the commissioners court is considering increasing the salaries of elected officials. It would defeat this purpose to construe section 152.013(b) to permit a commissioners court to adopt any salary increase, no matter how significant, provided it first published notice of some minimal proposed salary increase. *See* TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998) (in construing statute, court may consider object sought to be attained and consequences of a particular construction). Furthermore, we note that while section 111.008 of the Local Government Code provides that a commissioners court may make changes to a proposed budget before taking final action on it at the public hearing, *see id.* § 111.008(b) (commissioners court "may make any changes in the proposed budget that it considers warranted by the law and required by the interest of the taxpayers"), no

provision expressly permits a commissioners court to make changes to proposed salary increases. Based on the language and apparent purpose of the statute, we believe that the legislature intended the section 152.103(b) notice to apprise the public of the maximum potential salary increases for elected officials, and we construe section 152.013(b) accordingly.

While we believe that a court would apply the substantial compliance standard of review to determine whether a particular section 152.013(b) notice was sufficient to apprise the public of the maximum potential salary increases and whether specific salary increases should be invalidated for noncompliance with section 152.013(b), we do not believe it can be argued that a notice understating the rates of increase in salaries adopted six- or sevenfold substantially complies with the statute as a matter of law. Courts have applied the substantial compliance standard of review to examine the sufficiency of statutorily required public notices in a variety of contexts. *See, e.g., Cox Enters.,* 706 S.W.2d at 959 (public notice of subject matter of meeting under Open Meetings Act); *Chumney v. Craig,* 805 S.W.2d 864, 870 (Tex. App.–Waco 1991, writ denied) (public notice of hospital district board member election); *Texas Constr. Group, Inc. v. City of Pasadena,* 663 S.W.2d 102, 106 (Tex. App.–Houston 1983, writ dism'd) (public notice of proposed housing project); *Gravis v. Duval County,* 337 S.W.2d 306, 308 (Tex. Civ. App.–San Antonio 1960) (public notice of county budget hearing); *Christy v. Williams,* 292 S.W.2d 348, 350 (Tex. Civ. App.–Galveston 1956, writ dism'd w.o.j.) (public notice of special municipal bond election). The fact that the standard to be applied is substantial rather than literal compliance, however, will not save a notice which fails to advise the public of the very matter it is meant to state.

In *Cox Enterprises,* for instance, while applying the "substantial compliance" standard to the notice requirements of the Open Meetings Act, the Texas Supreme Court found that the notice in question, which did not apprise the citizenry that the "personnel" matter to be discussed was the appointment of a new school superintendent, did not substantially comply with those requirements. It noted, "less than full disclosure is not substantial compliance." *Cox Enters.,* 706 S.W.2d at 960. Similarly here, notice that one intends to pay oneself an additional $1,129 is not full disclosure that one will pay oneself an additional $7,371.

"Substantial compliance" means one has performed the "essential requirements" of a statute. *J.D. Evans Constr. Co., Inc. v. Travis Cent. Appraisal Dist.,* 4 S.W.3d 447, 451 (Tex. App.–Austin 1999). Here what is essential is apprising the citizenry, not simply that one contemplates raising these salaries, but *by what amount* one contemplates so doing. That was not done in this case.

In support of your contention that the 1999 salary increases adopted in your county are valid, you cite *Neptune v. Renfro,* 586 S.W.2d 596 (Tex. Civ. App.–Austin 1979, no writ), a case involving salary increases adopted by the Travis County Commissioners Court in mid-1978 after county officers submitted grievances to a county salary grievance committee pursuant to section 2(d) of former article 3912k. Acting under the mistaken belief that the statute required it to finally act on salary increases recommended by the grievance committee at the next commissioners court meeting after the court received the recommendation and that the statutory scheme gave it no time to post a notice of the proposed increases ten days prior to the meeting, the commissioners court adopted the

salary increases recommended by the grievance committee without posting any notice of the proposed salary increases. The court upheld the validity of the salary increases, citing the commissioners court's mistaken but good faith interpretation of the statute and the fact that the appellant made no showing that the mid-year salary increases caused the budget to exceed expected revenues. *See Neptune*, 586 S.W.2d at 598-99; *see also id.* at 599 (noting in summation "the absence of some showing that such action was arbitrarily taken over timely objection, or was harmful to appellant or other taxpayers, or would have resulted in a budget exceeding expected revenues").

We believe that *Neptune* is easily distinguishable from the case at hand. The commissioners court in *Neptune* believed, mistakenly but in good faith, that it was impossible for it simultaneously to fulfill two statutory requirements – the requirement of decision at the next court session, and the requirement of notice. It was that good faith belief which prevented the court from giving timely notice. From the information we have been provided, no such impediment is to be found here. Indeed, the workshops as a result of which the commissioners court decided the amount of the salary increases were held more than ten days before the public hearing. *See* Request Letter at 1. Nothing in this state of affairs indicates that it would have been impossible in a timely fashion to give accurate notice of the proposed increases.

Nor are we persuaded that *Gravis v. Duval County*, 337 S.W.2d 306, 308 (Tex. Civ. App.–San Antonio 1960), which finds substantial compliance in another budget notice case, is apposite here. In that case, the commissioners court gave notice of a proposed budget. However, the notice referred to the budget as that for 1959 rather than 1960. The court noted, *inter alia*, that the budget meeting was well-attended and that citizens were able to address the budget questions fully. However the basis for the finding of substantial compliance, so far as can be determined, is that the error complained of was a harmless, good-faith mistake. "The notice given was a substantial compliance with the provisions of Art. 689a-11, supra, even though such notice described the budget as being for the year 1959, rather than 1960. *This was shown to be a typographical error and no one seems to have been deceived thereby.*" *Duval County*, 337 S.W.2d at 308 (emphasis added). It is not contended here that the rates of increase published in the August 8, 1999 notice were printed in error.

In sum, we conclude that section 152.013(b) requires a commissioners court to provide public notice of the maximum potential salary increases for elected county and precinct officers ten days before the regular budget hearing. While a court would apply the substantial compliance standard of review to assess the sufficiency of a particular notice under section 152.013(b) and to determine whether particular salary increases are invalid due to insufficient notice, a notice materially misstating the amount of the proposed increases is as a matter of law not in substantial compliance because it provides "less than full disclosure." *Cox Enters.*, 706 S.W.2d at 960. Accordingly, on the basis of the information we have been provided, we believe that a court of competent jurisdiction would likely hold the proposed salary increases at issue here invalid.

## S U M M A R Y

Section 152.013(b) of the Local Government Code requires a commissioners court to provide public notice of the maximum potential salary increases for elected county and precinct officers ten days before the regular budget hearing. While a court would apply the substantial compliance standard of review to determine whether a specific section 152.013 notice was sufficient to apprise the public of the maximum potential salary increases and whether particular salary increases should be invalidated for noncompliance with section 152.013(b), a notice materially misstating the amount of such proposed increases is not, as a matter of law, in substantial compliance with the statute.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee