## STATE ex rel. BRENNAN v. MARTIN.

### No. 8983.

Court of Civil Appeals of Texas. San Antonio.

June 15, 1932.

John A. Valls and Phelps & Phelps, all of Laredo, for appellant.

Hicks, Dickson, Bobbitt & Lange, of San Antonio, for appellee.

SMITH, J.

On April 2, 1932, appellee, J. C. Martin, was duly elected, and subsequently qualified, as one of the trustees of the Laredo independent school district, which is under the "exclusive control" of the city of Laredo, as provided by statute. Article 2768 et seq., R. S. 1925.

Thereafter, on April 19, 1932, appellee also "qualified, by taking the oath of office and giving bond, as the tax assessor of the City of Laredo," whether by reason of appointment or election is not shown in the record.

In short, appellee is occupying and performing the official duties of two distinct offices, to wit, trustee of the Laredo independent school district, and tax assessor of the city of Laredo.

The state of Texas, through its district attorney, on the relation of Hal L. Brennan, brought this information in the nature of a quo warranto to oust appellee from the office of school trustee, upon the contention that the two offices are "incompatible" and may not be occupied by the same person contemporaneously, and that by qualifying as city tax assessor appellee thereby vacated the office of school trustee, into which he had been previously inducted.

The general demurrer was sustained to the information filed in the court below, and the proceeding was dismissed upon the refusal of the relator to amend. The appeal therefore must turn upon the question of the sufficiency of the information as against the general demurrer.

In testing the sufficiency of relator's allegations, it is the prerogative and duty of the courts to take cognizance of and give effect to constitutional, statutory, and city charter provisions relating to the subject-matter of the suit, and disregard all allegations which conflict with those provisions.

So, in this case, the courts must look to the provisions of the Constitution, statutes, and charter of the city of Laredo in determining the nature of the public offices in controversy, as well as their compatibility. The Constitution describes the character of the offices to be affected by the prohibition here invoked. The statutes prescribe the status, powers, and duties of trustees of independent school districts within cities, such as the Laredo district, and the method of assessing, levying, and collecting taxes therefor, and the charter of the city of Laredo prescribes the duties of the city tax assessor, and the method of assessing, levying, and collecting taxes, both for the city and the school district. So, in determining the sufficiency of relator's petition as against the general demurrer all allegations inconsistent with the constitutional, statutory, or charter provisions must be disregarded.

The contention of the relator that the respondent may not hold both said offices contemporaneously is grounded primarily upon section 40 of article 16 of our State Constitution, the pertinent provision of which is as follows:

"Sec. 40. No person shall hold or exercise, at the same time, more than one civil office of emolument, except that of justice of the peace, county commissioner, notary public and postmaster, unless otherwise specially provided herein. * * *"

The constitutional provision does not, per se and as a matter of law, prohibit a person from holding the office of school trustee while also holding another public office, for the simple reason that that provision applies, arbitrarily, only to "civil office(s) of emolument," whereas the office of trustee of the Laredo independent school district is not one of "emolument," since the holders thereof "shall serve without compensation." Article 2775, R. S. 1925; 1 Bouvier's Law .Dict. (3d Ed.) 1035; Black's Law Dict., 321; 8 Words and Phrases, First Series, 2367; Graves v. M. Griffin O'Neil & Sons (Tex. Civ. App.) 189 S. W. 778.

Relator did not allege that the office of trustee is one of emolument, which allegation was necessary to bring the case within the letter of the constitutional inhibition. But such allegation, if made, would not have availed, in the face of the statutes which in express terms deprive the office of that quality.

It was alleged in the information that by qualifying as city tax assessor respondent "thereby vacated his office as school trustee of the Laredo Independent School District, and a vacancy now exists in such office of School Trustee." Relator contends that this allegation was one of a controlling fact, which must be taken as true as against the general demurrer. But the allegation, when analyzed, is not one of fact. It is rather a mere conclusion of law, based upon the fact erroneously assumed therein that the office of trustee is one of "emolument," whereas the statute expressly deprives it of that quality. The allegation therefore puts no obstacle in the way of the general demurrer.

Relator also alleged specific facts which he contends rendered the two offices in question incompatible with each other as at common law, and in contravention of the spirit of the constitutional provision, as follows:

"That the method and manner of raising funds for the purpose of carrying out the school program is by direct taxation levied against all real and personal property within the corporate limits of the said City of Laredo and within the limits of the said Independent School District, and the said defendant as such Tax Assessor has to do with the fixing of values upon real and personal property and such values are used as a basis for the assessment of taxes which are collectible for the benefit, maintenance and operation of the City of Laredo, and the said Laredo Independent School District, and that in performing the duties of Tax Assessor for the Laredo Independent School District, and may in such dual position by fixing a lower valuation upon such real and personal property decrease the proportion of the revenue from the collection of such taxes to which the Laredo Independent School District is entitled for the maintenance of the schools of the said Laredo Independent School District."

We think it is obvious that the allegations do not serve their avowed purpose, when viewed by the light of statutory and charter provisions. The powers and duties of the tax assessor of the city of Laredo are fixed in section 30 of the city charter. He is there required to assess all real and personal property situated within the territorial limits of the city of Laredo, at its "market value," subject always to the approval, rejection, or revision of the city board of equalization. It is further provided by statute (article 2802, R. S. 1925):

"In an independent school district constituted of a city or town having a city assessor and collector of taxes, such assessor and collector of taxes shall assess and collect the taxes for school purposes; provided, that in a city or town having an assessor and collector of taxes, the levy of taxes for school purposes shall be based upon the same assessment of property upon which the levy for other city purposes is based. In such a city or town, the assessor and collector of taxes shall receive no other compensation for collecting school taxes than the compensation paid him for assessing and collecting city taxes; and taxes for school purposes in such a city or town shall be assessed and collected as other city taxes are assessed and collected."

So is it provided (article 2801) that the board of school trustees shall annually fix the amount of taxes deemed necessary to support the schools of the district, and that the governing board of the city shall thereupon "levy and collect said tax, as other taxes are levied and collected," and pay the same over to the treasurer of the school board.

Appellant's allegations seem to be, in effect, that appellee holds the two distinct offices of tax assessor of the city and tax assessor of the school district, and that in this "dual position" he may effect a discrimination against the school district "by fixing a lower valuation upon taxable property" and thereby "decrease the proportion of the revenue" to which the "school district is entitled." These allegations cannot survive analysis. Appellee is not "tax assessor of the school district," but only of the city. He does not separately assess for the district, but only for the city, which assessment automatically, but merely incidentally, becomes also the assessment for the district, and the basis of the levy for the

district. It is impossible under this system for appellee, as city tax assessor, to discriminate in favor of or against the school district.

■ Nor may the courts assume that he as a public official will violate his oath of office and the law in sinister pursuit of an unlawful purpose. The presumption is rather to to the contrary.

It is quite obvious from the allegations in the information, when considered, as they must be, with relevant and controlling statutory and charter provisions, that the offices of school trustee and city tax assessor have no relation to each other. The duties of the two offices are wholly unrelated, are in no manner inconsistent, are never in conflict. Neither officer is accountable to the other, nor under his dominion. Neither is subordinate to, the other, nor has any power or right to interfere with the other in the performance of any duty. The offices are therefore not inconsistent or incompatible, and, one of them not being a "civil office of emolument," both may be occupied and the duties' thereof lawfully performed by the same person. 22 R. C. L. p. 412 et seq; 46 C. J. pp. 941 et seq.; §§ 46 et seq.; Case note L. R. A. 1917A, 216; Gaal v. Townsend, 77 Tex. 464, 14 S. W. 365; Figures v. State (Tex. Civ. App.) 99 S. W. 412.

The judgment is affirmed.