

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

*affirmed by*
*C-43*

February 5, 1947

Hon. T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Department of Education
Austin, Texas          A. G. Opinion No. V-63

Re:   County Commissioner, au-
thority to serve as trus-
tee of independent school
district.

Dear Sir:

We refer you to your letter of recent date
wherein you requested an opinion of this department on
the following submitted question:

May a County Commissioner serve at
the same time as trustee of an independent
school district?

Article XVI, Section 40, Constitution of Texas,
reads as follows:

"No person shall hold or exercise, at
the same time, more than one civil office of
emolument, except that of . . . county commis-
sioner . . . "

Dual office holding is expressly forbidden by
Section 40, Article XVI of the Constitution where both
offices are civil offices of emolument. Dual office hold-
ing is forbidden to an extent at least by Section 33 of
Article XVI wherein the accounting officers of the State
are forbidden to issue or pay a warrant upon the Treas-
urer for the payment of salary or compensation to a
civil officer, who at the same time holds another of-
fice of honor, trust, or profit under the United States
or the State of Texas.

The Constitutional prohibition against the
holding of more than one office of emolument (Article
XVI, Section 40) is inapplicable to the question under
consideration for two reasons:   (1) The office of Coun-
ty Commissioner is expressly excepted; (2)  As the

office of emolument. State v. Martin, 51 S. W. (2d) 815; Attorney General Opinion O-3308. And since neither a County Commissioner nor a trustee of an independent school district are officers to be paid out of the State Treasury, we do not believe Article XVI, Section 33 of the Texas Constitution is violated under the facts submitted. Attorney General Opinion No. O-3308 and O-3352.

However, it is also a fundamental rule of law that one person may not hold at one time two offices, the duties of which are incompatible, and this principle applies whether or not the office is named in the exception contained in Article XVI, Section 40, Biencourt v. Parker, 27 Texas 558; State v. Brinkerhoff, 66 Texas 45; Thomas v. Abernathy County Line Independent School District, 290 S. W. 152; Attorney General Opinions Numbers O-4957 and O-5145. Pruitt v. Glen Rose Independent School District, 84 S. W. (2d) 1004.

This principle of law, incompatibility of offices, is expressed clearly in 22 R. C. L. 414, par. 56; we quote from Knuckles v. Board of Education of Bell County, (Kentucky) 114 S. W. (2d) 511, at page 514, as follows:

"One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some of its important and principal duties, or is subject to supervision by the other, or where a contrarity and antagonism would result in the attempt by one person to discharge the duties of both. Under this principle two offices are incompatible where the incumbent of one has the power to remove the incumbent of the other, though the contingency on which the power may be exercised is remote, and it also exists where the incumbent of one office has the power of appointment as to the other office, or to audit the accounts of another, or to exercise a supervision over another."

We have considered the statutes relative to the respective duties incumbent upon a county commissioner and a trustee of an independent school district, and we can conceive of no sound basis upon which it

may be said that their respective offices are incompatible. We have been unable to find any statute providing that either office is accountable to, under the dominion of, or subordinate to the other, or which provides that either office has a right to interfere with the other in the performance of any official duty. Nor have we been appraised of any reason why the duties of a county commissioner would be inconsistent or in conflict with the duties of a trustee of an independent school district.

It is our opinion, therefore, that the two offices in question are not incompatible, and that your submitted question should be, and is, answered in the affirmative.

## SUMMARY

One person may hold at the same time both the offices of county commissioner and trustee of an independent school district, the said offices being not incompatible.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant

CEO:AMM:mrj

APPROVED FEB. 5, 1947

*Price Daniel*

ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, CHAIRMAN