

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 12, 1975

The Honorable Hal H. Hood
Fireman's Pension Commissioner
503-f Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. H-665

Re: Eligibility of paid fireman
who also works as volunteer fireman
during off-duty hours, to participate
in pension plans covering each position
and receive pensions for past services
- that as a paid fireman and as a
volunteer fireman.

Dear Commissioner Hood:

You have submitted two requests for an opinion that involve paid firemen, who during their off-duty hours, serve as volunteer firemen. You ask whether these firemen can, upon retirement, receive pensions for their service in each capacity.

Articles 6243a, 6243b, 6243c, 6243d, 6243e and 6243f, V. T. C. S., provide for the creation of pensions for paid firemen to be disbursed from a number of trust funds which are established for cities in different population brackets. In addition, article 6243e provides that volunteer firemen (as well as paid firemen) can participate in the pension fund created by such article and denominated the Fireman's Relief and Retirement Fund.

In Attorney General Opinion H-7 (1973) we listed three impediments to the holding of dual offices: (1) the separation of power requirement of article 2, section 1 of the Texas Constitution; (2) the limitations imposed by sections 33 and 40 of article 16 of the Texas Constitution; and (3) the common law doctrine that one person cannot hold two incompatible offices. See also Attorney General Letters Advisory Nos. 55 (1973) and 65 (1973).

It is, of course, apparent that there is no violation of the constitutional separation of powers requirement since both positions involved are of the executive branch of government.

Section 40 of article 16 of the Texas Constitution prohibits one person from holding "more than one civil office of emolument" (with exceptions not applicable here). Section 33 of article 16 bars the "Accounting Offices of this State" from making any payments to any person holding "more than one civil office of emolument, in violation of Section 40. "

While a volunteer fireman is not paid for his service, the proper discharge of his duties as a volunteer will result in his eligibility for a pension (see section 6 of article 6243e) and it cannot be said that the position of volunteer fireman is without emoluments since his labors in such capacity will result in "pecuniary gain or advantage." Irwin v. State, 177 S.W.2d 970 (Tex. Crim. App. 1944); Attorney General Letter Advisory No. 85 (1974).

However, we are of the opinion that a volunteer fireman does not occupy a "civil office" within the meaning of section 40 of article 16.

One requirement of a "civil office" is that a "public employment be created by law . . . which is continuing and not intermittent or occasional in nature." Attorney General Letter Advisory No. 63 (1973). We think that such requirement is not satisfied in the case of a volunteer fireman who serves only in the case of a fire-created emergency and who, as you have informed us, is required to attend only one-fourth of the fires responded to by the department of which he is a member to be eligible for a pension.

Accordingly, since a volunteer fireman does not occupy a civil office, the restrictions of sections 33 and 40 of article 16 will not foreclose participation in and receipts from two pension funds. See also Attorney General Letters Advisory 81 (1974) and 85 (1974).

There remains the question of whether the common law doctrine of incompatibility will bar the holding of a position as paid fireman and a position of volunteer fireman at the same time. Offices are incompatible where their duties are or may be inconsistant or in conflict. State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. --San Antonio 1932, no writ). Rather than being "in conflict," the two positions may very well complement each other since the duties of each are consistent with the other. See Attorney General Letter Advisory No. 30 (1973).

Nevertheless, while there may be no legal incompatibility which would foreclose the simultaneous holding of positions as a paid and a volunteer fireman, any employer has the right to insist that an employee "devote as much time to his employment as was contemplated at the time he was employed." Attorney General Letter Advisory No. 62 (1973). This, of course, is a matter to be determined by the fire department or departments involved.

We conclude that there are no general legal impediments to one person holding positions as a paid fireman and a volunteer fireman at the same time and he may participate in the pension plans established for each position. See also section 67 of article 16, Texas Constitution. Of course the statutes involving each particular pension plan should be consulted to determine if there are statutory barriers to specific combinations.

## SUMMARY

A paid fireman, who also serves as a volunteer fireman, may participate in pension plans covering both positions, and receive a pension for service in each position.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: