

# The Attorney General of Texas

November 12, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Craig A. Washington
Chairman, Human Services Committee
House of Representatives
Austin, Texas 78769

Opinion No. MW-81

Re: Authority of the governor to restructure the Governor's Committee on Aging, and related questions.

Dear Mr. Washington:

On August 15, 1979, Governor Clements advised the Executive Director of the Department of Community Affairs by letter of his intent to transfer to that agency the Governor's Committee on Aging. In part, the letter reads:

> It is my intent that the Coordinator of Aging and the other personnel of the Governor's Committee on Aging function in all respects as a Division Director and a Division, respectively, of the Texas Department of Community Affairs. . . . [I]t is my intent that the concurrence of the Executive Director of the Texas Department of Community Affairs be obtained with respect to the execution of any and all contracts, grants or other similar obligations between the Governor's Committee on Aging and other parties; with respect to any and all expenditures of funds by the Governor's Committee on Aging; and with respect to the formulation and implementation of policies of the Governor's Committee on Aging.

You ask by what authority the governor might restructure the statutory Committee on Aging, and whether the appointment of the Department of Community Affairs executive director to be also presiding officer of the Committee on Aging would be valid.

The Department of Community Affairs was legislatively established in 1971 as the successor agency to the Division of State-Local Relations, Office of the Governor, see V.T.C.S. art. 4413(201); Attorney General Opinion M-1285 (1972), to assist local governments in providing essential public

services for their citizens and in overcoming financial, social and environmental problems. V.T.C.S. art. 4413(201), § 1.  See Attorney General Opinions H–1275, H–1276 (1978).  The governor is specifically authorized to transfer to the department personnel, equipment, records, obligations, appropriations, functions and duties "of the Division of State–Local Relations and of other appropriate divisions of his office."  V.T.C.S.  art. 4413(201), § 10. (Emphasis added).

The Governor's Committee on Aging was established in 1965 by statute codified as article 695k, V.T.C.S., which has been since incorporated into the Human Resources Code, sections 100.001 – 101.026, without substantive change.  Acts 1979, 66th Leg., ch. 842, at 2333, 2415.  See V.T.C.S. art. 5429b–2, § 3.03(4).

Although the committee, like the Department of Community Affairs, performs functions which the legislature might have assigned directly to the governor or his office, it is legislatively constituted as an independent entity.  The governor is empowered to appoint the committee members with the advice and consent of the Senate and may, without the necessity of such consent, appoint a coordinator, other necessary personnel, and a "presiding officer" (formerly chairman) to "direct the work of the coordinator of aging and the committee."  See Attorney General Opinion H–248 (1974); Letter Advisory No. 121 (1977).  Cf. Attorney General Opinion M–1285 (1972).  The presiding officer serves in addition to the nine members of the committee.  The committee is statutorily designated the state agency to handle federal programs relating to the aging that are not the specific responsibility of another agency.  Human Resources Code § 101.025.

The most recent legislature considered, but failed to enact, House Bill 2210 and Senate Bill 1251 naming the committee, along with a number of other agencies, as one "considered to be under the control of the governor," and allowing the governor to transfer any program of such an agency to any other appropriate agency in the executive department.  Nevertheless, if the committee is an "appropriate" division of the governor's office within the meaning of article 4413(201), no additional authorization is needed to transfer to the department the "personnel, equipment, records, obligations, appropriations, functions and duties" of the committee.  While the Governor has authority to transfer appropriate divisions of his office to the Department of Community Affairs, we do not believe that article 4413(201) provides authority to transfer a division or agency which has legislatively assigned duties to be performed by independent state officers.  Once the legislature has provided that functions will be performed by public officers who are confirmed by the Senate, who take an oath of office, and who are independent of any other state officer, these functions cannot be diminished or subordinated without specific statutory authority.  See Letter Advisory No. 2 (1973); cf. Attorney General Opinion M–1191 (1972).

Under article 4413(201), V.T.C.S., the director of the Department of Community Affairs, among other things, is to administer the work of the department and administer all moneys entrusted to the department; he may assign functions and duties to the various offices and divisions, reorganize the department, and loan or detail departmental employees to other state agencies or instrumentalities, or to local governments. V.T.C.S.

art. 4413(201), §§ 5, 9, 11.  As Governor Clements' letter shows, his concurrence would be necessary to the execution of any committee contracts or award of grants.

This authority in the executive director of the department, if applied to the Committee on Aging, would conflict with the statutory authority vested by the legislature in the committee (1) to adopt rules governing the function of the committee, (2) to delegate its rights, powers and duties or conversely to refrain from doing so, (3) to contract for the employment of elderly persons, (4) to disburse state funds appropriated for certain purposes, (5) to determine the amounts of state money distributed to various agencies, and (6) to establish qualifications therefor.  See Attorney General Opinions H-477 (1974), C-644 (1966).

In our opinion, the Governor's Committee on Aging, as structured by the legislature is not a division of the governor's office that can be transferred to the present Department of Community Affairs.

But it does not follow that the executive director of the department is ineligible for appointment as presiding officer of the committee.  The committee's statute anticipates that the person appointed may already be an officer in another capacity, and it takes care to specify that the duties of the presiding officer in that event are to be considered an extension of the duties of the other state office.  Human Resources Code § 101.003(b). Moreover, the presiding officer serves without compensation and does not occupy an office of emolument within the meaning of article XVI, section 40 of the Constitution. There is no prohibition against such an arrangement so long as the two positions are compatible.  Jones v. Alexander, 59 S.W.2d 1080 (Tex. 1933).  See Texas Turnpike Authority v. Shepperd, 279 S.W.2d 302 (Tex. 1955).  Cf. Attorney General Opinion H-117 (1973) (incompatible duties).

Although an incompatibility of separately delegated powers prevents their merger, the two agencies are not antagonistic so long as they remain separated.  In several respects, the work of the department is complementary to the work of the committee, and there is no necessary conflict between their roles.  The committee is legislatively designed so as not to supplant or take over from other state agencies the specific responsibilities held by other agencies, and it is directed to cooperate with them, including the Department of Community Affairs.  Human Resources Code § 101.025; V.T.C.S. art. 4413(201), § 12.  The presiding officer of the committee, unlike the executive director of the department under the departmental statute, is subordinate to a group of senate-confirmed officers — the committee — which has power to control his activities in directing the work of the committee and its staff.  Although the possibility exists that conflicts might arise between his responsibilities and powers as director of the department and his completely different responsibility and powers as presiding officer of the committee, neither position is related or subordinate to the other.  Absent other facts, there is no apparent incompatibility such as would prevent the same person from holding both posts so long as the committee is not a part of the Department of Community Affairs or subject to the departmental statute.  State ex rel. Brennan v. Martin, 51 S.W.2d 815 (Tex. Civ. App. — San Antonio 1932, no writ).  See Attorney General Opinion MW-39

(1979); Letter Advisory Nos. 149 (1978), 114 (1975).  Cf. Attorney General Opinion H-727 (1975).

## SUMMARY

The governor may lawfully appoint the executive director of the Department of Community Affairs to serve as presiding officer of the Committee on Aging.  The Committee on Aging may not, however, be transferred to the Department of Community Affairs.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Bob Gammage
Terry Goodman
William G Reid
Bruce Youngblood