

# The Attorney General of Texas

January 28, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Marcus D. Taylor
Criminal District Attorney
Wood County Courthouse
P. O. Box 689
Quitman, Texas    75783

Opinion No. MW-432

Re:  Legality of fire chief
serving as a city council
member for same governmental
entity

Dear Mr. Taylor:

You have requested our opinion regarding the authority of a single individual to serve as both fire chief and city council member of the city of Winnsboro. You state that the individual has refused compensation for his services as fire chief. You also ask if the individual's taking the oath of office as a member of the city council operated _ipso facto_ as a resignation from the fire department.

It is well established that one person may not hold two incompatible offices. Attorney General Opinion H-665 (1975). Two offices are incompatible if their duties are or may be inconsistent or in conflict. State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. – San Antonio 1932, no writ). See also, Attorney General Opinion H-665 (1975). Article 1069, V.T.C.S., provides in pertinent part:

> The city council may procure fire engines and other apparatus for the extinguishment of fires, and have contrbl thereof, and provide engine houses for preserving the same; and shall have power to organize fire, hook and ladder, hose and ax companies and fire brigades. The companies so organized, the chief engineer and such assistant engineers as may be provided for, shall constitute the fire department.... The engineers shall be chosen as said department may determine, subject to the approval of the city council, who shall define the duties of said officers and pass such ordinances as they may deem proper for the welfare of said department.... Said department shall take the care and management of the engines and other implements and apparatus provided and used for fighting fire, and their powers and duties shall be prescribed and defined by the city council.

Article 1069 clearly grants to a city council "control" of a fire department. The department's powers and duties are prescribed by the council and the council is empowered to enact ordinances for the regulation of the department. You state that members of the Winnsboro Volunteer Fire Department are paid a small salary by the city council.

In Letter Advisory No. 114 (1975), this office held that, because of the doctrine of incompatibility, a school teacher is ineligible to serve as a member of the board of trustees of the district where she is employed. The opinion noted that school teachers:

> are accountable to the school trustees, are under their dominion, and are subordinate to them; and trustees may interfere with the teacher's performance of duty.

Letter Advisory No. 114 (1975) relied on a Wyoming case, Haskins v. State, 516 P.2d 1171 (Wyo. 1973), to support its conclusion of ineligibility. It also noted the decision in Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927), that the offices of school trustee and city alderman are incompatible where the board of aldermen exercises various directory and supervisory powers with regard to school property and the duties of school trustees. See also, Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928).

In our opinion, Letter Advisory No. 114 (1975) is dispositive of your inquiry. As in that opinion and in Thomas, the city council here exercises control over the fire department and its members, and prescribes their duties. As a result, we believe that the positions of city council member and fire chief are incompatible as a matter of law. In view of our answer, we need not address any other issue regarding the holding of dual offices.

As to the question of ipso facto resignation, Texas courts have held that when the holder of one office accepts and qualifies for a second, he automatically relinquishes the first office. Thomas v. Abernathy County Line Independent School District, supra; Centerro v. Inselman, 519 S.W.2d 889, 890 (Tex. Civ. App. - San Antonio 1975, no writ).

## S U M M A R Y

An individual may not serve as both fire chief and city council member of the city of Winnsboro by virtue of the common law doctrine of incompatibility. A person who accepts the office of city council member automatically resigns as fire chief.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Peter Nolan
Bruce Youngblood