

# The Attorney General of Texas

April 5, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso. TX. 79905-2793
915/533-3484

.20 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Oscar H. Mauzy
Chairman
Senate Committee on Jurisprudence
Texas State Senate
P. O. Box 12068, Capitol Station
Austin, Texas    78711

Opinion No.  JM-141

Re:  Whether a county com-
missioner may be appointed
to the Texas Sesquicentennial
Commission

Dear Senator Mauzy:

You have asked whether a county commissioner may serve as a
gubernatorial appointee on the Texas Sesquicentennial Commission
created by article 6145-11, V.T.C.S.  In answering such questions of
dual office holding, this office has considered the following three
issues:

> 1.  Whether article II, section 1 of the Texas
> Constitution, the separation of powers provision,
> prevents one person from holding the two offices.

> 2.  Whether article XVI, section 40, which
> prohibits one person from holding two civil
> offices of emolument is applicable.

> 3.  Whether the common law doctrine of
> incompatibility prevents one person from holding
> both positions.

Article II, section 1 of the Texas Constitution provides as
follows:

> The powers of the Government of the State of Texas
> shall be divided into three distinct departments,
> each of which shall be confided to a separate body
> of magistracy, to wit:  Those which are
> Legislative to one; those which are Executive to
> another, and those which are Judicial to another;
> and no person, or collection of persons, being of
> one of these departments, shall exercise any power
> properly attached to either of the others, except
> in the instances herein expressly permitted.

Prior opinions of this office have held that this provision bars one person from holding offices in two different branches of government, see Attorney General Opinions H-7, H-6 (1973); Letter Advisory No. 137 (1977), although there are also opinions which permit one person to hold office in two branches of government. See Attorney General Opinions M-1194 (1972) (judge may serve as college regent); M-1146 (1972) (Parks and Wildlife Commissioner may serve as a trustee of an independent school district); M-842 (1971) (judge of a domestic relations court may serve as a regent of TSU); C-43 (1963); and V-63 (1947) (a county commissioner may serve as a trustee of an independent school district).

However, it is unnecessary to determine which line of opinions represents the correct view of article II, section 1. The Texas Constitution assigns a county commissioner to the judicial branch. See Tex. Const. art. V, §1; Attorney General Opinion H-6 (1973). The members of the Sesquicentennial Commission do not, in our opinion, "exercise any power properly attached to either of the [other departments of government]." Thus, article II, section 1, however interpreted, does not bar a county commissioner from serving on the Sesquicentennial Commission.

Article 6145-11, V.T.C.S., establishes the "Texas 1986 Sesquicentennial Commission." It consists of public members appointed by the governor, members drawn from the legislature, and the executive heads of particular state agencies. V.T.C.S. art. 6145-11, §2. The commission is abolished effective September 1, 1987. Sec. 11.

The duties of the commission are set out in sections 7 and 9A of article 6145-11, V.T.C.S. The overwhelming majority of its duties are advisory and ceremonial. For example, the commission is to encourage, assist and develop standards for activities celebrating the state's sesquicentennial organized by individuals, private organizations, and governmental bodies, and to sanction activities which meet its standards. Sec. 7(1), (3), (4). It is to publicize sesquicentennial activities and invite national and international dignitaries to attend such activities. Sec. 7(2), (5), (6). The commission also has responsibilities with respect to developing a logo and sanctioning and selling commemorative products. Sec. 7(7), (8). It may begin planning for the Texas Sesquicentennial Museum. Sec. 9A(a). Planning is to be completed and the museum operated by the Texas Sesquicentennial Museum Board.

The commission does, however, perform some minor functions of the executive branch. Members of the executive branch cause the laws to be carried out, while the legislative branch enacts them, and the judiciary determines whether the actions of the other branches are lawful, when the issues are presented in a proper case. See State v. Southwestern Bell Telephone Co., 526 S.W.2d 526 (Tex. 1975); Walker v.

Baker, 196 S.W.2d 324 (Tex. 1946); Texas Liquor Control Board v. Continental Distilling Sales Co., 199 S.W.2d 1009, 1012 (Tex. Civ. App. - Dallas 1947, writ ref'd n.r.e.). See also Tex. Const. art. II, §1, interp. commentary (Vernon 1955).

The commission has power to authorize others to use the logo it develops, to sanction commemorative products, and to make rules and regulations necessary to perform its functions. However, the commission has minimal power to affect individuals through exercise of the powers to sanction commemorative products and authorize use of its logo. Exercising these powers assists the commission in publicizing and commemorating the sesquicentennial while it controls the kind of product bearing its imprint. The commission may adopt rules "necessary for it to perform its functions," a rulemaking power that is as limited as its functions.

The commission's executive powers, in comparison to its advisory and ceremonial duties, are few and de minimus. Looking at the commission's legal role in its entirety, and taking into consideration its short life span, we cannot say that members of the commission are "of" the executive branch or "exercise any power properly attached" to the executive branch. Therefore, article II, section 1 of the Texas Constitution, however interpreted, does not bar a county commissioner from serving as a member of the Texas 1986 Sesquicentennial Commission.

Article XVI, section 40 of the Texas Constitution does not prohibit the appointment in question. A member of the Sesquicentennial Commission receives no compensation for his service, only reimbursement of expenses. See V.T.C.S. art. 6145-11, §5. Thus, he does not hold a "civil office of emolument" within article XVI, section 40. Moreover, county commissioners are expressly excepted from article XVI, section 40. Therefore, article XVI, section 40 poses no bar to this appointment.

The common law doctrine of incompatibility prevents one person from holding two positions where one is accountable or subordinate to the other, or where there is overlap of powers and duties such that one person could not disinterestedly serve in both positions. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, judgmt adopted); State ex rel. Brennan v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ); Letters Advisory Nos. 137, 149 (1977); 114 (1975). We find no relationship of dominion or accountability between the commissioners court and the Sesquicentennial Commission, nor do we find any conflict or overlap between their duties. Therefore, the common law doctrine of incompatibility does not prevent a county commissioner from also serving as a member of the Sesquicentennial Commission.

A county commissioner may serve on the Texas Sesquicentennial Commission.

## S U M M A R Y

A county commissioner is not barred by article II, section 1 or article XVI, section 40 of the Texas Constitution or by the common law doctrine of incompatibility from serving on the Texas Sesquicentennial Commission.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Susan Garrison
Nancy Sutton