

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

/01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

February 23, 1984

Mr. Kenneth H. Ashworth
Commissioner
Coordinating Board
Texas College and University System
P. O. Box 12788, Capitol Station
Austin, Texas    78711

Opinion No. JM-129

Re:  Whether a member of a
board of trustees of a com-
munity college may serve
simultaneously as a county
commissioner

Dear Mr. Ashworth:

On behalf of the Dallas County Community College District, you ask:

> Whether a member of a Board of Trustees governed
> by section 130.082 of the Education Code,
> V.T.C.S., may serve simultaneously as a county
> commissioner?

Section 130.082 of the Education Code relates to the election of trustees for all junior college districts other than those managed by the governing board of an independent school district. A trustee of the Dallas County Community College District wishes to serve as a county commissioner in Dallas County. The boundaries of the junior college district are coterminous with the county boundaries. See Attorney General Opinion C-533 (1965). A representative of the junior college has informed us that each of the district's seven campuses is located within the boundaries of an incorporated city, and that the junior college does not now own any property in the unincorporated part of Dallas County.

On examination of the statutes governing the district, we have determined that the common law doctrine of incompatibility prohibits the dual service inquired about. Hence, we need not address any issues that might be raised by any constitutional provision on dual office holding. See Tex. Const. art. II, §1, and art. XVI, §40.

The common law doctrine of incompatibility prevents one person from accepting two offices where one office might thereby impose its policies on the other or subject it to control in some other way. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm. App. 1927); State v. Martin, 51 S.W.2d 815 (Tex. Civ.

App. - San Antonio 1932, no writ).  <u>Compare</u> Letter Advisory No. 114 (1975) <u>with</u> Letter Advisory No. 149 (1977).

For example, section 130.121 of the Education Code provides that the governing board of a junior college district may have its taxable property "assessed and/or its taxes collected, in whole or in part, by the tax assessors and/or tax collectors, respectively, of any county, city, taxing district, or other governmental subdivision in which all or any part of the junior college district is located." <u>See</u> Attorney General Opinion JM-35 (1983).  Under this provision the Trustees of Dallas County Community College may require the tax assessor-collector of Dallas County to assess and collect its taxes, even if this service interferes with his county responsibilities, for example, by slowing the assessment and collection of county taxes.  In addition, the commissioners court controls the budget of the tax assessor-collector's office under section 3912k, V.T.C.S.

The county and the junior college district could have conflicting interests with respect to tax collection and one person serving as junior college trustee and county commissioner could not serve the best interests of both.  We conclude that section 130.121 creates an incompatibility between the two offices.

Moreover, the county commissioners may, with the consent of the city, improve city streets which form an integral part of the county road system or a connecting link with it.  <u>See</u> Attorney General Opinion H-1018 (1977).  Section 2.04 of the Education Code provides as follows:

> No public road shall be opened across land owned and used by any school district or other educational institution covered by this code without the consent of the regents, directors, or trustees of that institution and approval of the governor, unless the land is subject to sale under the general laws of Texas.  The roads already opened across such land may be closed by the authorities in charge whenever they deem it necessary to protect the interest of the institution and on repayment with eight percent interest of the amount actually paid out as appears on the records of the commissioners court, by the situs county for the land's condemnation.

We have been informed that no city or county roads cross the junior college campuses, with one minor exception.  However, we do not know whether any campus is situated on the route of a possible extension of a county road or connecting link between county roads.  If one is so situated, the duties of the county commissioners might come into

conflict with those of the junior college trustees. A trustee who also served as county commissioner might let county policy influence his vote on consent under section 2.04 of the Education Code, thus subordinating the junior college district's interests to the county's.

Furthermore, since the boundaries of the district and the county are coterminous, the potential for other conflict always exists. For all of these reasons, one person may not serve as Trustee of Dallas County Community College and at the same time serve as Dallas County Commissioner.

## S U M M A R Y

The common law doctrine of incompatibility prevents a trustee of Dallas County Community College from simultaneously serving as Dallas County Commissioner.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton
Bruce Youngblood