Honorable Gerald W. Schmidt Gillespie County Attorney County Courthouse Fredericksburg, Texas 78624
Re: Whether an individual may serve simultaneously as constable and jailer
Dear Mr. Schmidt:
You inform us that an individual who had been working as a jailer at the Gillespie County jail became a constable in Gillespie County. You ask whether Texas law prohibits him from holding both positions simultaneously.
You advise us that the individual has worked as a jailer and has not been made a deputy sheriff. Although you do not explain exactly what his duties are as jailer, we assume that you use the term "jailer" as it is used in article 5116, V.T.C.S., which describes a jailer as someone who is in charge of a county jail but under the supervision and control of the sheriff.
We find nothing in Texas law that prohibits, as a matter of law, an individual from serving simultaneously as a constable and as a jailer.
The prohibition in the Texas Constitution against dual office holding prevents one person from holding more than one "civil office of emolument" at one time. Tex. Const., art. XVI, § 40. The courts have held that a person holds a "civil office" for purposes of that provision if he exercises any sovereign function of government for the benefit of the public and is largely independent of others' control. Ruiz v. State, 540 S.W.2d 809,811 (Tex.Civ.App.-Corpus Christi 1976, no writ); Tilley v. Rogers, 405 S.W.2d 220, 224 (Tex.Civ.App.-Beaumont 1966, writ ref'd n.r.e.); Aldine Independent School District v. Standley,280 S.W.2d 578, 583 (Tex. 1955). A constable is a civil officer of emolument. Attorney General Opinion M-45 (1967). A jailer is not a civil officer of emolument because he is completely under the control of a sheriff. Thus, the constitutional prohibition against dual office holding does not preclude a constable from working as a jailer.
The common law doctrine of incompatibility prohibits one person from occupying two offices when one office may "thereby impose its policies on the other or subject it to control in some other way." Attorney General Opinions JM-129, JM-133 (1984); see Thomas v. Abernathy County Line Independent School District,290 S.W. 152 (Tex. Comm'n App. 1927, holding approved); State ex rel. Brennan v. Martin, 51 S.W.2d 815, 817 (Tex.Civ.App.-San Antonio 1932, no writ).
A sheriff has a statutory right of control over the jail in his county and over the jailers he employs. De la Garza v. State,579 S.W.2d 220 (Tex.Crim.App. 1979); V.T.C.S. art. 5116. Consequently, once a constable brings a prisoner to the county jail, the constable loses jurisdiction over that prisoner. Attorney General Opinion V-1548 (1952). Thus, the control a sheriff exercises over a jailer does not invade an area in which the jailer also has powers and duties as a constable and the two offices are therefore not necessarily incompatible. As the court said in State ex rel. Brennan v. Martin:
 The duties of the two offices are wholly unrelated, are in no manner inconsistent, are never in conflict. Neither officer is accountable to the other, nor under his dominion. Neither is subordinate to the other, nor has any power or right to interfere the other in the performance of any duty. The offices are efore not inconsistent or incompatible. . . .
51 S.W.2d 815 at 817. Although we cannot conclude that the positions of constable and jailer are legally incompatible, our opinion does not preclude the possibility that a particular jailer's duties would be incompatible with the office of constable, as a matter of fact. See Attorney General Opinion MW- 415 (1981).
Finally, none of the information you have given us suggests either a conflict of interest under article 988b, V.T.C.S., or a violation of any other Texas law.
 SUMMARY
The constitutional ban on dual office holding does not prohibit someone from serving simultaneously as a constable and a jailer. The common law doctrine of incompatibility does not, as a matter of law, prohibit such a situation.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Sarah Woelk Assistant Attorney General