

# THE ATTORNEY GENERAL
## OF TEXAS

December 1, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Isaac M. Castro
Stonewall County Attorney
P. O. Box 396
Aspermont, Texas    79502

Opinion No. JM-828

Re:  Whether common-law in-
compatibility prohibits a
particular individual from
serving on the board of
directors of a hospital
district (RQ-1116)

Dear Mr. Castro:

You seek an Attorney General Opinion answering the following question:

> May a person serve as a member of the board of directors of a public hospital district and be simultaneously employed by a physician who receives part of his income from the hospital district?

Your question concerns the Board of Directors for the Stonewall Memorial Hospital District which oversees the operation of the hospital and a clinic. You state that a newly elected board member is employed in the clinic as a bookkeeper and receptionist by the sole physician practicing in the district's facilities. She has been employed in that capacity for approximately ten years by the various physicians who have contracted with the district to practice medicine in the clinic and hospital.

The contract between the district and the physician guarantees him a net income of $8,000 per month. The board member's salary as bookkeeper is paid by the physician but is considered an expense for purposes of determining his actual net income. If his actual net income is less than $8,000 the hospital district must pay him the balance. Each month, the board of directors votes to approve his expenses, including the board member's salary as receptionist and bookkeeper. You suggest that the common-law doctrine of incompatibility prevents this individual from serving in both positions.

The common-law doctrine of incompatibility prevents one person from holding two offices if the duties are inconsistent or in conflict, or if one office is subordinate to the other. Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). In Thomas v. Abernathy County Line Independent School District, the court held that a city alderman could not also serve as trustee of a school district, where the incorporated town was within the boundaries of the school district. The court found the two offices to be incompatible because both the board of aldermen and the board of trustees had directory and supervisory powers over school property located within the city limits. There might arise a conflict between the two officers about the appropriate health, sanitation, and fire prevention standards to apply to school property. But see State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ) (school trustee may serve as city tax collector because the duties of office are unrelated and neither officer is accountable to the other).

The incompatibility rule also bars a public employee from holding a public office which appoints, supervises and controls his employment. See Ehlinger v. Clark, 8 S.W.2d 666 (Tex. 1928); Attorney General Opinion JM-203 (1984); Attorney General Letter Advisory No. 114 (1975). Whether two offices are incompatible may be determined by comparing their powers and duties, in some cases in the context of the geographical jurisdiction of each. Incompatibility between an office and an employment depends primarily on the employee's subordination or accountability to the officer.

The Stonewall County District was established pursuant to an uncodified special law adopted in 1963. H.B. No. 295, Acts 1963, 58th Leg., ch. 54, at 89; see V.T.C.S. art. 4494q (list of hospital districts created by special act). The 1963 law was adopted pursuant to the legislature's constitutional authority to create hospital districts composed of one or more counties. Compare Tex. Const. art. IX, §9 (authorizing legislature to create county hospital districts) with Tex. Const. art. III, §56 (limitation on enactment of local and special laws except as otherwise provided in constitution). House Bill No. 295 provides that the management and control of the hospital district is vested in the board of directors and

grants the board other powers of office. See H.B. No. 295, §§3-7, supra.  The board

> shall have the power to prescribe the method and manner of making purchases and expenditures by and for such Hospital District, and also shall prescribe all accounting and control procedures; the method of purchasing necessary supplies, materials and equipment; and shall have the power to adopt a seal for such District; and may employ a general manager, attorney, bookkeeper, architect, and any other employees deemed necessary for the efficient operation of the Hospital District. (Emphasis added.)

Acts 1963, 58th Leg., ch. 54, §7, at 92-93. Thus, the authority to hire employees of the hospital district is vested in the board of directors, even though the board has apparently allowed the physician with whom it contracts to employ the bookkeeper-receptionist, or has at least considered her to be his employee. The board holds ultimate authority over the employment of the bookkeeper-receptionist and exercises supervision and control by approving her salary as part of the physician's expenses.

In our opinion, the office of director of the Stonewall Memorial Hospital District is incompatible with the employment as bookkeeper-receptionist in the district's clinic. The board has ultimate authority over the board member's employment in the clinic. The board's contract with the physician will eventually be subject to renewal and may become a subject of controversy between the physician and the board. The board may have to make decisions which would affect the operation of the clinic where the board member works. The employee is presently accountable to the board on which she serves for her salary. Thus, the board's power to manage the district's facilities and to employ its personnel creates a considerable area of conflict between the office of director and the employment as bookkeeper and receptionist in the clinic. The relationship of supervisor and subordinate which exists between the board of directors of the hospital district and the bookkeeper-receptionist of the clinic renders the two positions incompatible. Upon election to the board, the individual should have relinquished the incompatible employment. See Letter Advisory No. 114 (1975).

## S U M M A R Y

The common-law doctrine of incompatibility bars one person from serving as a member of the board of directors of the Stonewall Memorial Hospital District and at the same time being employed in the district's clinic by the doctor under contract with the district.

Very truly yours

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General