

# THE ATTORNEY GENERAL
## OF TEXAS

February 20, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Steve W. Simmons
District Attorney
303 City-County Building
El Paso, Texas   79901

Opinion No. JM-634

Re: Whether a member of a school board of trustees may serve as a city alderman or councilman for an incorporated town situated within the boundaries of the school district

Dear Mr. Simmons:

You ask for our opinion on the following question:

> Whether a member of a board of trustees [of a school district] governed by section 23.01 et seq., of the Education Code, may serve simultaneously as a city alderman or councilman of an incorporated town within the boundaries of the school district?

One impediment to dual office holding is the common law rule of incompatibility; this doctrine prohibits one person from holding two offices if the duties are in conflict or if one is subordinate to the other. See Thomas v. Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927); State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ); Attorney General Opinion Nos. JM-133, JM-129 (1984); Letter Advisory Nos. 114 (1975); 86 (1974). This office has asserted that

> in most instances, whether or not two positions are legally incompatible is a fact question to be determined initially by those having supervision in one or both of the positions held by the person in question and, ultimately, by the courts.

Letter Advisory No. 62 (1973). Although there have been few appellate decisions identifying which offices are incompatible, the question you pose has been addressed in a judicial decision with facts closely matching those in your opinion request.

In Thomas v. Abernathy County Independent School District, supra, the incorporated town was within the school district territory. Two

school trustees were subsequently elected to the office of town alderman. Since the boundaries of the school district and the city overlapped, the competing interests of the two jurisdictions raised the potential for conflict. The court was especially sensitive to this potential for conflict when it concluded:

> In our opinion the offices of school trustee and alderman are incompatible; for under our system there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits — e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. See articles 1015, 1067, 1071, R. S. 1925. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to discretion of the council or aldermen instead of to that of the trustees.

Id. at 153. In reaching its conclusion concerning incompatiblity, the Thomas court established for the offices in question a safeguard against conflicting duties attenuating faithful public service. Grounded in this concern, the incompatibility doctrine "protects the integrity of state institutions by promoting impartial service by public officials." Attorney General Opinion JM-203 (1984) at 3. A city council or board of aldermen thus has powers and duties which conflict with the legal role of school trustees. Accordingly, the court held that the public offices of trustee of an independent school district and alderman or councilman were incompatible positions. Id.; see also Letter Advisory No. 149 (1977).

Therefore, in our opinion, the incompatibility doctrine prohibits a member of the Board of Trustees of the Socorro Independent School District from simultaneously serving as alderman or councilman for the town of Socorro, which is situated within the boundaries of the school district.

Although your request does not indicate which of the two offices in question was first occupied, we nonetheless advise you of the common law principle of vacation:

> If a person holding an office is elected or appointed to another (where the two offices cannot be legally held by the same person) and he accepts

and qualifies as to the second, such acceptance and qualification operate, ipso facto, as a resignation of the former office.

Pruitt v. Glen Rose Independent School District No. 1, 84 S.W.2d 1004, 1006, opinion adopted (Tex. Comm'n App. 1935); see also Thomas v. Abernathy County Line Independent School District, 290 S.W. at 153. In other words, given two incompatible offices, the occupant of one office who assumes another will be held to have vacated or resigned the first. See Attorney General Opinion JM-133 (1984); Letter Advisory No. 64 (1973). As a result, the individual involved here would either vacate the office of alderman or councilman upon assuming the office of trustee, or vacate the office of trustee upon assuming the office of alderman or councilman.

In your brief, you inquire whether article XVI, section 40, of the Texas Constitution applies here. Since the common law doctrine of incompatibility is dispositive of the issue raised in your opinion request, we need not reach the constitutional question.

## S U M M A R Y

The common law rule of incompatibility prevents one person from serving as trustee of the Soccoro Independent School District and at the same time serve as alderman or councilman of the town of Socorro.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jeff Millstone
Assistant Attorney General