

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

October 25, 1993

Honorable Libby Linebarger
Chair
Public Education Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-267

Re: Whether conflicts of interest exist that would disqualify a spouse from serving in elected office when both spouses hold elected positions in local governmental bodies with overlapping jurisdictional boundaries and one jurisdiction is responsible for a portion of the annual budget of the other governmental body, and related questions (RQ-566)

Dear Representative Linebarger:

Your request for an opinion involves a married couple's possible conflicts of interest when each spouse holds elected office in a local governmental body whose jurisdictional boundary overlaps with that of the other body and one governmental body is responsible for a portion of the annual budget of the other body. You explain that one spouse is an elected director of a state conservation district ("CD") operating under its enabling legislation and chapters 50 and 52 of the Water Code. The CD derives its revenues from "user fees" based on pumpage from wells in the CD. About 40 percent of the user fee revenues come from wells that are located in a certain city ("the city") whose jurisdiction partially overlaps that of the CD. The directors of the CD do not receive a salary, but they are entitled to a per diem for meeting attendance, which per diem this spouse always has declined. The other spouse is a member of the city council of the city and receives an annual salary as a council member. You ask whether, under the foregoing facts, either spouse would be disqualified from office because of a conflict of interest.

Each spouse is a "[l]ocal public official," that is, "a member of the governing body . . . of any district . . . , municipality, . . . or other local governmental entity," Local Gov't Code § 171.001(1), and as such is subject to the rules regarding conflicts of interest codified in chapter 171 of the Local Government Code. Under chapter 171 "a local public official [who] has a substantial interest in a business entity or in real property" must in certain instances

> file [with the official record keeper of the governmental entity],
> before a vote or decision on any matter involving the business entity

> or the real property, an affidavit stating the nature and extent of the
> interest and . . . abstain from further participation in the matter.

*Id.* § 171.004(a)(1) - (2), (b).   Chapter 171 provides for disclosure and abstention but does not disqualify local public officials from office.

Your facts do not suggest that any real property interest is involved here, but you do mention that one spouse receives a salary as a city council member and that the other has declined the per diem for meetings of the CD.   These facts suggest that we consider whether either spouse has a substantial interest in a business entity for purposes of chapter 171.   In that chapter a "'[b]usiness entity' means a sole proprietorship, partnership, firm, corporation, holding company, joint-stock company, receivership, trust, or any other entity recognized by law." *Id.* § 171.001(2).   "[A] person has a substantial interest in a business entity if: . . . funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year." *Id.* § 171.002(a)(2). Therefore, the city council member spouse has a substantial interest in a business entity if the city is a business entity and if the money received from the city exceeds 10 percent of that spouse's income last year.   Further, if the city council member has a substantial interest in a business entity by virtue of the salary from the city, then the other spouse also has a substantial interest in a business entity because of that person's marital relationship to the council member. *See id.* § 171.002(c) (local public official has substantial interest if person related to that official in first degree of consanguinity or affinity has substantial interest).

There is no precedent on whether a city is a business entity for purposes of chapter 171.   In Attorney General Opinion JM-852 (1988) we concluded by application of the rule of *ejusdem generis* to the definition of "business entity" in section 171.001(2) that a state university is not included within that definition as "any other entity recognized by law" because it is a public entity and its purpose is not to produce financial benefits for private persons.   Attorney General Opinion JM-852 at 3-4.   The same rule of construction shows that a city is not a "business entity."   A city is, rather, "[a] political entity or subdivision for local governmental purposes."   BLACK'S LAW DICTIONARY 244 (6th ed. 1990).   We conclude, therefore, that neither spouse has a substantial interest in a business entity under chapter 171 by virtue of one spouse's salary income from serving as a member of the city council.   Nor do any of the other facts you have offered suggest any substantial interest in a business entity that would invoke the application of chapter 171.

You ask whether the spouse that is a director of the CD may accept the per diem. We see no reason under the facts you have given that the director spouse should not accept the per diem.

You also ask what restrictions apply if the spouse who is a director of the CD also is an employee of a conservation and reclamation district.   Your question raises the issue of dual office holding.   Article XVI, section 40 of the Texas Constitution prohibits the holding by one person of "more than one civil office of emolument."   The constitutional

prohibition against dual office holding thus generally would apply under these facts only if both the position at the conservation and reclamation district and the directorship of the CD are "civil offices of emolument." You do not present us any details concerning the nature of the CD director's "employment" at the conservation and reclamation district, so we accept as fact that the position at the conservation and reclamation district is an employment and not a "civil office." *See Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (decisive factor distinguishing public officer from public employee is "whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public *largely independent of the control of others*") (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App.-- Galveston 1949, writ ref'd), with emphasis supplied by *Aldine* court). Under these circumstances, the prohibition of article XVI, section 40, against dual office holding does not apply to the spouse who is a director of the CD and an employee of a conservation and reclamation district.

Another potential bar to dual office holding is the common-law doctrine of incompatibility. *See State ex rel. Brennan v. Martin*, 51 S.W.2d 815, 817 (Tex. Civ. App.--San Antonio 1932, no writ) (statement of doctrine). In general, incompatibility may arise when one person serves as an officer for two different governmental entities, or when one person serves as an officer and employee for the same governmental entity. *See* Attorney General Opinion JM-203 (1984) at 7-11. *But see* Attorney General Opinion JM-1047 (1989) at 5-6 (incompatibility prevents one person from serving as justice of peace and as jailer in same county). Because we do not have any details concerning the nature of the CD director's employment at the conservation and reclamation district, we cannot determine whether the two positions are incompatible.

Finally, you ask what possible conflicts of interest there are regarding voting on issues germane to either governmental body by either official. We can answer this question only by referring you generally to chapter 171 of the Local Government Code and the case law and attorney general opinions construing it. We invite you to submit a new request if you have a particular issue you wish us to consider in this regard.

## S U M M A R Y

A city is not a "business entity" for purposes of chapter 171 of the Local Government Code. The prohibition of article XVI, section 40 of the Texas Constitution against dual office holding does not apply to a person who is both a director of a state conservation district and a mere employee of a conservation and reclamation district.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Attorney General for Litigation

RENEA HICKS
State Solicitor

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General