

## Office of the Attorney General
### State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 12, 1994

Mr. Lionel R. Meno
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-311

Re: Whether the offices of county commissioner and public school district trustee are incompatible (RQ-690)

Dear Commissioner Meno:

You ask whether the offices of county commissioner and public school district trustee are incompatible. The common-law doctrine of incompatibility prohibits one person from holding two offices where one office might impose its policies on the other or subject it to control in some other way. Attorney General Opinion JM-129 (1984); *see also Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted); *State ex rel. Brennan v. Martin*, 51 S.W.2d 815 (Tex. Civ. App.--San Antonio 1932, no writ). In Attorney General Opinion JM-129, this office concluded that the doctrine of incompatibility prevented a member of a board of trustees of a community college from serving as a county commissioner.

You enclose a letter written by the Texas Education Agency's chief counsel to a citizen concluding that the two offices at issue here are incompatible on the basis of Attorney General Opinion JM-129. The letter argues that the two offices are incompatible, in part, because of the duties assigned to county commissioners in chapter 19 of the Texas Education Code, which provides for the creation of countywide independent school districts and for the detachment, annexation, and consolidation of school districts.

A county commissioners court has various duties under chapter 19. Some appear to be ministerial, *see, e.g.*, Educ. Code §§ 19.003(g) (duty to canvass the returns and declare the result of an election under chapter 19), .022 (duty to enter order redefining boundaries of school district following certain elections), .024 (duty to order an election on petition for creation of a school district by detaching territory from existing districts), .054, .083, but others are clearly discretionary in nature. For example, a commissioners court is required to equitably allocate indebtedness when school districts assume a portion of the indebtedness of another, and to equitably allocate personal property between receiving districts. *Id.* § 19.004. Section 19.021 authorizes a commissioners court to create enlarged districts by annexing one or more school districts, provided that a majority of the board of trustees of each affected district approves the annexation. Under section 19.023, annexation of school districts in certain counties may be initiated by petition. Subsection (d) requires the county commissioners court to conduct a hearing to consider the social, economic, and educational effects of the proposed annexation. *Id.* § 19.023(d).

The county commissioners court is required to order an election only if it determines that the proposed annexation appears to be in the best interests of the school districts affected. *Id.* In addition, a county commissioners court is authorized to abolish and annex any common school district located entirely within its county if a formal application or request is submitted by the trustees of the common school district. *Id.* § 19.171(a). "The commissioners court shall annex the territory of the abolished district to one or more contiguous independent school districts located entirely within its county, in such manner as may be determined by order of the commissioners court." *Id.* § 19.171(b); *see also id.* §§ 19.024(h) (duty to appoint board of trustees following creation of certain school districts), .025, .026, .056.

Based on our review of chapter 19 of the Education Code, we agree with the Texas Education Agency's conclusion that the offices of county commissioner and public school district trustee are incompatible because the statutory basis exists for a county commissioners court to impose its policies on a school district or otherwise control it with respect to detachment, annexation and consolidation. We note that on several occasions, this office has held that the offices of county commissioner and public school district trustee are not incompatible. *See* Attorney General Opinions C-43 (1963); V-63 (1947); Letter Opinion No. 92-10 (1992). These prior opinions failed to consider the role of the county commissioners court in the detachment, annexation, and consolidation of school districts. Accordingly, Attorney General Opinions V-63 and C-43 and Letter Opinion No. 92-10 are overruled to the extent they are inconsistent with this opinion.

## S U M M A R Y

The offices of county commissioner and public school district trustee are incompatible. Attorney General Opinions V-63 (1947) and C-43 (1963) and Letter Opinion No. 92-10 (1992) are overruled to the extent they are inconsistent with this opinion.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General