

# The Attorney General of Texas

**JIM MATTOX**
Attorney General

July 11, 1986

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
..uston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Lloyd Criss
Chairman
Labor and Employment Relations
  Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-519

Re: Whether an individual may serve as both constable and member of a school board .

Dear Representative Criss:

You ask whether an individual may serve concurrently as a member of a school board and as a constable, whether appointed or elected to the position of constable.

In answering questions about the holding of two offices by one person, this office has generally considered the following issues:

> 1. Whether this instance of dual office holding is prohibited by article XVI, section 40 of the Texas Constitution, which bars one person from holding two civil offices of emolument;

> 2. Whether it is prohibited by article II, section 1 of the Texas Constitution, which provides for the separation of powers;

> 3. Whether the common law doctrine of incompatible offices prevents one person from holding both offices.

Article XVI, section 40, of the Texas Constitution provides in part:

> No person shall hold or exercise at the same time, more than one civil office of emolument, except. . . .

Tex. Const. art. XVI, section 40. Section 23.19(e) of the Education Code provides that school trustees serve without compensation; thus, the office of school trustee is not a civil office of emolument. Attorney General Opinion V-834 (1949). Article XVI, section 40, of the Texas Constitution does not bar a school trustee from serving as a constable.

Article II, section 1, of the Texas Constitution provides:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

The case of Turner v. Trinity Independent School District Board of Trustees, 700 S.W.2d 1 (Tex. App. - Houston [14th Dist.] 1983, no writ) is instructive on the application of this provision to cases of dual office holding. The Turner v. Trinity Independent School District case determined that a school trustee was not prohibited from simultaneously holding the office of justice of the peace. It discussed the effect of article II, section 1, of the Texas Constitution as follows:

> The policy behind Article 2, §1, is to prohibit one branch of government from interfering with functions constitutionally committed to other branches of government. See Ruiz v. State, 540 S.W.2d 809, 812 (Tex. Civ. App. - Corpus Christi 1976, no writ). While we agree that a Justice of the Peace is a member of the Judicial branch of government and a trustee of an independent school district probably is a member of the Executive branch, we find nothing to persuade us that Chandler's functions as Justice of the Peace have interfered with or will interfere with his functions as a member of the Board.

700 S.W.2d at 2.

A constable is also a member of the judicial branch. Tex. Const. art. V, §18. We see no basis for concluding that an individual's functions as constable would interfere with his functions as a member of the school board. Nor do we believe that the individual's service in an executive branch office of one political subdivision and a judicial branch office of another political subdivision involves the excessive concentration of power which article II, section 1, was designed to prevent. See generally Coates v. Windham, 613 S.W.2d 572 (Tex. Civ. App. - Austin 1981, no writ).

The common law doctrine of incompatibility prevents one person from holding two offices if the duties are inconsistent or in conflict, or if one office is subordinate to the other. Thomas v.

Abernathy County Line Independent School District, 290 S.W. 152 (Tex. Comm'n App. 1927, judgmt. adopted); State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ). See Attorney General Opinions JM-203, JM-141 (1984); JM-129 (1983); Letter Advisory No. 114 (1975).

The trustees of an independent school district "have the exclusive power to manage and govern the public free schools of the district." Educ. Code §23.26(b). A constable is a peace officer with the law enforcement powers and duties determined by the legislature. See, e.g., Code Crim. Proc. arts. 2.12-2.16; 14.01-14.06; 15.01, 15.15-15.18. The Supreme Court of Missouri, in deciding that the office of deputy sheriff was not incompatible with that of school board member, stated as follows:

> At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two, -- some conflict in the duties required of the officers, as where one has some supervision of the others, is required to deal with, control, or assist him. . . . Sheriffs are given power, and it is made their duty, to preserve the peace, arrest, and commit to jail all felons and traitors, execute all process, and attend upon courts of record. The board of directors of the St. Louis public school has charge, control, and management of the public schools, and of all the property appropriated to the use of the public schools within said city. We are unable to discover the least incompatibility or inconsistency in the public functions of these two offices, or where they could by possibility come in conflict or antagonism, unless the deputy sheriff should be required to serve process upon a director as such. We do not think such a remote contingency sufficient to create an incompatibility. The functions of the two offices should be inherently inconsistent and repugnant. . . .

State v. Bus, 36 S.W. 636, 639-40 (Mo. 1896).

A prior opinion of this office also found that the office of deputy sheriff is not incompatible with the office of school trustee of a common school district. Attorney General Opinion O-3308 (1941) stated as follows:

We have carefully considered the respective duties of a deputy sheriff and of a school trustee of a common school district and we have been unable to find where any of the duties falling upon a holder of each respective office would necessarily be inconsistent with or incompatible with the duties of a person holding the other office. Neither do we find any corresponding duties of either of said offices which would necessarily unduly influence the duties imposed by law upon the holder of the other office.

The constable has many duties in common with the sheriff and deputy sheriff. See Code Crim. Proc. arts. 2.12-2.16; 14.01-14.06; 15.01; 15.15-15.18. We believe that the quotations from Attorney General Opinion 0-3308 and the Supreme Court of Missouri also describe the relationship between the offices of constable and school trustee under Texas law. The two offices are not incompatible, and the duties thereof may be performed by the same person. See generally Turner v. Trinity Independent School District, 700 S.W.2d 1 (Tex. App. - Houston [14th Dist.] 1983, no writ); State v. Martin, 51 S.W.2d 815 (Tex. Civ. App. - San Antonio 1932, no writ).

We conclude that an individual is not prevented from serving concurrently as a school board member and a constable by article II, section 1 or article XVI, section 40, of the Texas Constitution or by the common law doctrine of incompatibility. We point out, however, that constables are subject to article XVI, section 65 of the Texas Constitution. Therefore, if a constable announces his candidacy or becomes a candidate for the office of school trustee when his unexpired term as constable exceeds one year, he thereby automatically resigns the office of constable. Tex. Const. art. XVI, §40; see Ramirez v. Flores, 505 S.W.2d 406 (Tex. Civ. App. - San Antonio 1973, writ ref'd n.r.e.).

## S U M M A R Y

One person is not prohibited from concurrently holding the offices of constable and school trustee by article II, section 1 of the Texas Constitution, article XVI, section 40, of the Texas Constitution, or the common law doctrine of incompatibility.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General