

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 6, 1994

Honorable Charles D. Johnson
County Attorney
Dimmit County Courthouse
Charring Springs, Texas 78834

Opinion No. DM-303

Re: Whether the county auditor oath of offic provision, Local Government Code § 84.007(b) prevails over chapter 171 of the Loca Government Code (RQ-572)

Dear Mr. Johnson:

On behalf of the county auditor of Dimmit County, you ask whether the county auditor may also be employed as the executive director of a private, non-profit housing corporation. You explain that the non-profit housing corporation at issue was created in 1986. At that time, the person who is now the county auditor was hired as its executive director, at a salary which is set by its board of directors.

Although the non-profit housing corporation is a private venture, it has an economic relationship with the county. The county has dedicated certain economic development funds to the non-profit housing corporation, namely the interest the county receives on an economic development loan that the county made to a private business. The county also provides the non-profit housing corporation with office space and telephone and photocopying services. In 1989, the district judges appointed the executive director of the non-profit housing corporation as county auditor and he began receiving a county salary. Since that time, he has continued to serve, and to receive a salary, as executive director of the non-profit housing corporation.

On the basis of the foregoing facts, you ask whether the county auditor may also be employed as the executive director of the non-profit housing corporation. Because the non-profit housing corporation is a private venture, the county auditor's position as its executive director does not implicate the Texas Constitution's dual office holding provisions. Tex. Const. art. XVI, §§ 33, 40. For the same reason, this instance of dual employment does not implicate the common-law doctrine of incompatibility. *See Thomas v. Abernathy County Line Indep. Sch. Dist.*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted); *State ex rel. Brennan v. Martin*, 51 S.W.2d 815 (Tex. Civ. App.--San Antonio 1932, no writ). This situation does implicate the county auditor oath of office provision, Local Gov't Code § 84.007(b), and chapter 171 of the Local Government Code, however.

The county auditor's oath of office is set forth in section 84.007 of the Local Government Code, which provides in pertinent part:

> (b) The county auditor must take the official oath and a written oath that lists the positions of public and private trust previously held and the length of service in each of those positions and that states:
>
> (1) that he has the qualifications required by this chapter; and
>
> (2) *that he will not be personally interested in a contract with the county.*

*Id.* (emphasis added). This provision prohibits the county auditor from having a personal interest in any county contract. In Attorney General Opinion V-381 (1947), this office concluded that the now-repealed statutory predecessor to the county auditor oath of office provision, article 1649, V.T.C.S., in conjunction with a Penal Code provision, prohibited a county auditor from contracting with the county to provide it with telephone services, officers' bonds, or electrical equipment. Similarly, in Attorney General Opinion WW-1241 (1962), this office concluded that now-repealed article 1649, in conjunction with now-repealed article 2364, prohibited a county auditor from owning stock in a corporation which had business dealings with the county. Although you do not mention any specific contracts, it seems likely from the circumstances described in your letter that the county has a contract with the non-profit housing corporation and with the private business which has an economic development grant, the interest on which the county has dedicated to the non-profit housing corporation.

The crucial question is whether the county auditor has a "personal interest" in either of these contracts. This office has construed the term "interest" in similar statutes to mean "a direct personal or pecuniary interest." *See* Attorney General Opinion DM-109 (1992). We believe that section 84.007(b) prohibits a county auditor from having a direct personal or pecuniary interest in any county contract, and requires that he or she must divest himself or herself of such an interest in order to hold office. The determination whether the county auditor of Dimmit County has such an interest in a particular county contract involves questions of fact which are beyond the scope of the opinion process.

The situation you describe also implicates the conflicts of interest provisions applicable to local public officials, including county auditors,[1] in chapter 171 of the Local

---

[1]Section 171.001(1) of the Local Government Code defines the term "local public official" to mean:

> a member of the governing body or *another officer*, whether elected, *appointed*, paid, or unpaid, of any district (including a school district), *county*, municipality, precinct, central appraisal district, transit authority or district, or other local governmental entity *who exercises responsibilities beyond those that are advisory in nature.* [Emphasis added.]

Government Code.[2]   Section 171.004 of the Local Government Code requires a local public official, who has a "substantial interest" in a business entity, to submit an affidavit disclosing that interest "before a vote or decision on any matter involving the business entity" and to abstain from further participation in the matter if the action would "have a special economic effect on the business entity that is distinguishable from the effect on the public." Local Gov't Code § 171.004(a)(1). The violation of this provision is a class A misdemeanor. *Id.* § 171.003. The term "business entity" includes a non-profit corporation. *See id.* § 171.001(2) (defining "business entity"); Attorney General Opinion JM-424 (1986). A person has a "substantial interest" in a business entity if "funds received by the person from the business entity exceed 10 percent of the person's gross income for the previous year." *Id.* § 171.002(a)(2).

Assuming that the county auditor's income as executive director exceeded 10 percent of his gross income for the previous year, that his official duties require a "vote or decision"[3] on a matter involving the non-profit housing corporation or the private business which has an economic development grant, and that he is otherwise within the criteria set out in Local Government Code, chapter 171, he would be able to continue his employment with the non-profit housing corporation by complying with the requirements of section 171.004. Chapter 171 would thus permit the county auditor to have a personal interest in a contract with the county, while section 84.007(b) expressly bars the county auditor from being "personally interested in a contract with the county." The two provisions would thus conflict as applied to the county auditor.

---

[2]Chapter 171 of the Local Government Code pre-empts the common law of conflict of interests as applied to local public officials. Local Gov't Code § 171.007(a).

[3]Although county auditors do not vote, they are required by law to perform certain duties which could conceivably affect entities which contract with the county. *See, e.g.,* Local Gov't Code §§ 111.032, 111.033 (requiring auditors in certain counties to act as budget officer for the commissioners court and to prepare fiscal year budget); 112.006 (providing that the county auditor has general oversight of the books and records of a county, district or state officer authorized or required by law to receive or collect money that is intended for the use of the county and that the "county auditor shall see to the strict enforcement of the law governing county finances"); 113.064 (providing that a claim, bill or account against the county may not be allowed or paid until it has been examined and approved by the auditor); 113.065 (providing that a county auditor may not approve a claim unless the claim is incurred as provided by law); *id.* ch. 115 (authorizing county auditor to audit county funds). We do not decide here whether the performance of any of these duties would rise to a "decision" under chapter 171 of the Local Government Code.

The Code Construction Act, Gov't Code ch. 311, provides as follows:

> (a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

> (b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

Gov't Code § 311.026; *see also Gordon v. Lake*, 356 S.W.2d 138 (Tex. 1962); *Townsend v. Terrell*, 16 S.W.2d 1063 (Tex. 1929). Section 84.007(b) of the Local Government Code expressly applies only to county auditors, while chapter 171 of the code applies to local public officials in general. For the reasons stated above, it is not possible to give effect to both chapter 171 and section 84.007(b) to the extent of conflict. Therefore, we must apply the rule of statutory construction set forth in Government Code section 311.026(b) to the extent of conflict.

The statutory predecessor to section 84.007(b), the specific provision, was adopted in 1905, while the statutory predecessor to chapter 171 was adopted in 1983. *See* Acts 1983, 68th Leg., ch. 640, at 4079; Acts 1905, 29th Leg., ch. 161, at 381. Given the breadth of the definition of "local public official" in chapter 171,[4] the scope of the conduct which it regulates,[5] and the detailed requirements[6] and penalties[7] it imposes, we believe that the legislature intended for chapter 171 to prevail over the county auditor oath of office provision in section 84.007(b) to the extent of conflict. Because chapter 171 is the later enacted statute and we believe that it is the intent of the legislature for chapter 171 to prevail over the specific county auditor oath of office provision in section 84.007(b), we conclude that chapter 171 prevails over section 84.007(b) to the extent of conflict. *See also* Attorney General Opinion DM-279 (1993) (concluding that Local Gov't ch. 171 impliedly modified provisions setting forth county commissioners oath, Local Gov't Code § 81.002).

You have not supplied this office with sufficient information to determine definitively whether the county auditor has a "substantial interest" in the non-profit

---

[4]Local Gov't Code § 171.001(1) (defining "local public official"); *see supra* note 1.

[5]*See* Local Gov't Code § 171.004 (governing local public officials' participation in votes or decisions).

[6]*See id.*

[7]*See id.* § 171.003. We note that the legislature has not enacted a penalty for violations of section 84.007(b) of the Local Government Code.

housing corporation or whether the county auditor must make "decisions" on matters that affect the non-profit housing corporation. *See supra* note 3. Assuming that the county auditor's income as executive director of the non-profit housing corporation exceeds 10 percent of his gross income for the previous year and that he must make "decisions" on matters that affect it, he must adhere to the requirements set forth in chapter 171 of the Local Government Code, including submitting an affidavit and abstaining from participating in any decision[8] which would "have a special economic effect" on the non-profit housing corporation.[9]

## S U M M A R Y

Chapter 171 of the Local Government Code prevails over the county auditor oath of office provision, Local Gov't Code § 84.007(b), to the extent of conflict. A county auditor who is employed as the executive director of a private, non-profit housing corporation which receives funding from the county is required to adhere to the requirements set forth in chapter 171 of the Local Government Code, if his income as executive director exceeds 10 percent of his gross income for the previous year. Attorney General Opinions V-381 (1947) and WW-1241 (1962) are overruled to the extent they are inconsistent with this opinion.

Yours very truly,

DAN MORALES
Attorney General of Texas

---

[8]We note that section 84.021 of the Local Government Code authorizes a county auditor to hire assistants and provides that an assistant "during the absence or unavoidable detention of the county auditor, may perform the duties required by law of the county auditor." We do not decide here whether this provision authorizes a county auditor to delegate decisions to an assistant in the event of a conflict of interest.

[9]Letter Opinion No. 88-126 (1988), which held that a county auditor is not prohibited under chapter 171 of the Local Government Code from selling road materials to the county but did not consider the effect of the county auditor's oath set forth in section 84.007(b) of the Local Government Code, is consistent with this opinion. Attorney General Opinions V-381 (1947) and WW-1241 (1962), which were issued long before the enactment of the statutory predecessor to chapter 171 of the Local Government Code, are overruled to the extent they are inconsistent with this opinion.

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for Criminal Justice

JAVIER AGUILAR
Special Assistant Attorney General

RENEA HICKS
State Solicitor

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General